## HUBBARD v. SOUTHERN RAILWAY CO.
### No. 58 L 2767.

Circuit Court, Dade County.

January 26, 1959.

Kelner & Lewis, Miami, for plaintiff.

Scott, McCarthy, Preston, Steel & Gilleland, Miami, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

This cause came on for hearing before me on the defendant's motion for dismissal of plaintiff's complaint, without prejudice, on the basis of the doctrine of *forum non conveniens*. Both parties were represented by counsel and arguments were presented by counsel to the court. The court has also studied the pleadings and affidavits on file and is fully advised as to the position of the parties on this motion.

It is the opinion of the court that defendant's motion must be granted. The doctrine of *forum non conveniens* is based upon the inherent power of a court to decline jurisdiction of a matter, even though "jurisdiction" does exist, when there is another forum which also has "jurisdiction" over the parties and the subject matter and the case can be more appropriately and justly tried in the other forum without the attendant inconveniences and additional expense and burdens that would result if the case remained in the initially chosen forum. The application of the doctrine to a given case is within the judicial discretion of the court, and should not be made unless the inconveniences and expenses thrust upon the defendant clearly and substantially outweigh the privilege of a plaintiff to choose the forum in which the suit is filed. It is the opinion of the court that the defendant has more than met this test in this case.

This wrongful death action is one in tort and thus is a transitory cause of action. The defendant is a Virginia corporation doing business in the state of Florida and is therefore within the jurisdiction of this court. The defendant likewise does business in the state of Georgia, however, and is subject to the jurisdiction in that state. Plaintiff administratrix is a resident of Georgia, as was her decedent prior to his death. Plaintiff accordingly can obtain jurisdiction over defendant for the prosecution of this suit in Macon, Georgia, where the alleged wrongful acts of defendant took place.

Numerous factors have been taken into consideration by this court in adjudicating this matter. There are on file several affidavits submitted by defendant in support of its motion. None of the factual statements in any of these affidavits was controverted by plaintiff either by affidavit or argument at the hearing. The court must, therefore, assume defendant's affidavits to correctly set forth the facts involved. It is readily apparent from these affidavits that this case should be tried in Macon, Georgia. This will greatly facilitate access to the sources of proof involved in the case. A trial in Georgia will not only place any unwilling witnesses within the court's subpoena power (an impossibility here) but will also materially reduce the costs to the parties of presenting those witnesses

who are willing to appear in court. If appropriate at the trial, a view of the premises could be had in Georgia (an impossibility here). There is no claim that plaintiff cannot secure able counsel to represent her in Macon, or that the courts there cannot or would not give her a reasonably expeditious and fair trial—indeed, the affidavits are to the contrary on all counts.

In addition to the factors listed above, other considerations are also pertinent in applying the doctrine of *forum non conveniens*. The public has a real interest in these matters—the people of Florida and Georgia. The courts of a state are primarily intended to serve the people of that state by adjudicating matters arising within that state and/or concerning residents of that state. Juries are taken from the populace to hear and decide cases, and they have a legitimate interest in seeing that their duties are not substantially directed towards matters with which the state of Florida has no apparent connection. The courts and juries in Georgia, on the other hand, have every reason to hear this case. The jury trying a case should be a local jury, if it is at all feasible, in any type of case. More than that, however, is the fact that cases should be presented "alive" and not by depositions taken in a far off place of persons the jury will never see or hear.

While the foregoing considerations are applicable to any transitory cause of action, there has been no suggestion that the instant case should be treated any differently even though it is brought under a federal statute (45 U.S.C.A. §§ 51 et seq.). The court agrees that no distinction should be made in cases brought under this statute, and none is being made here. The court is constrained to note, however, the anomaly that would result if this court could not enter this order—a state court would have to consider every case brought under the F.E.L.A. even though a U. S. district court sitting in the same state could transfer the case to another district on the basis of preventing inconvenience and promoting justice (28 U.S.C.A. § 1404 (a)).

It is the opinion of the court that defendant's motion is well founded, that plaintiff has not expended such time or expense in this case as to be prejudiced by its dismissal, that this case can be tried in Macon, Georgia more conveniently and at much less expense for all parties, and that dismissal of this case without prejudice is in harmony with principles of equity and justice.

It is therefore ordered that plaintiff's complaint is dismissed, without prejudice to plaintiff to refile this motion in a more convenient forum.