## BAKER v. ATLANTIC COAST LINE RAILROAD CO.

No. 62-1558-L.

Circuit Court, Duval County.

January 9, 1963.

T. Malcolm Kirby, Howell, Kirby, Montgomery & Sands, Jacksonville for plaintiff.

Clark W. Toole, Jr., Ragland, Kurz, Toole & Martin, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

By its motion to dismiss without prejudice filed October 12, 1962, the defendant-railroad seeks an order of this court declining to exercise its jurisdiction in this cause by the application of the doctrine of *forum non conveniens*. There is no dispute as to the controlling facts set forth in the motion and the affidavit in support thereof. Such facts and circumstances disclose a cause of action under the Federal Employers' Liability Act, 45 U.S.C.A., §51 et seq., asserted by the administratrix of a deceased employee for whose death the defendant-railroad is alleged to be liable under said act.

Circumstances bearing on the application of the doctrine in this instance include the following —

1. Defendant is a corporation incorporated under the laws of the state of Virginia and a foreign corporation under the laws of the state of Florida, but does business in Florida.

2. The plaintiff, widow of Ronimus Baker, deceased employee, is a non-resident of the state of Florida and a citizen and resident of the state of North Carolina, residing in Wilmington, New Hanover County, North Carolina, where letters of administration were granted to her. The plaintiff has no legal representative of her deceased husband qualified in the state of Florida and the legal residence of the said plaintiff is approximately 450 miles from the city of Jacksonville, Florida.

3. The plaintiff's action is to be tried pursuant to the F.E.L.A. and not under the laws or statutes of the state of Florida.

4. The accident which is the subject matter of plaintiff's action occurred at Sanford, Lee County, North Carolina, which point is approximately 500 miles from Jacksonville, Florida.

5. So far as can be anticipated, all of the witnesses who may be called by plaintiff or defendant reside in the state of North Carolina and not in the state of Florida, such as —

(a) The four other members of the train crew involved in the subject litigation, all of whom live in Wilmington, North Carolina.

(b) The four employees who inspected the equipment involved in the accident in which plaintiff's decedent lost his life, all of whom reside in Rocky Mount, North Carolina.

(c) The employees who investigated the accident and who took statements from the various witnesses in preparation for the company's defense of this suit, reside in Fayetteville, North Carolina.

(d) The division civil engineer who has charge of the segment of track at the location of the accident resides in Rocky Mount, North Carolina.

(e) The ambulance driver and ambulance attendant, non-employees of the defendant, and the physician who examined plaintiff's decedent at the hospital, all of whom reside at Sanford, North Carolina.

(f) The photographer, a non-employee of defendant, who took pictures of the scene of the accident and who resides at Fayetteville, North Carolina.

6. Not one of the indicated witnesses is subject to the subpoena process in the state of Florida and defendant cannot by any legal

process *compel* the employee or non-employee witnesses to attend a trial of this case in Jacksonville, Florida, in person.

7. The trial of this case in the state of Florida will involve unnecessary and therefore unreasonable expense and inconvenience to defendant in that all possible witnesses, who will attend voluntarily on whatever expense allowance and per diem that can be agreed on, must be transported to Jacksonville, Florida and kept available for the duration of the trial and paid sums far in excess of any taxable costs for transportation, housing and loss of time.

8. To add this cause of action to the calendar of this court would tend to unduly burden this court, the attorneys practicing before it and citizens of this county and state who are waiting for their day in court.

9. There is no showing that plaintiff does not have a sufficient choice of uncongested courts within the jurisdiction of the state of North Carolina in which to try this cause of action.

Although the foregoing does not encompass all of defendant's contentions in support of its motion, the facts set forth do constitute the dominant considerations which persuade this court that the said doctrine should be applied and the motion granted. While the "astute practice of forum shopping" is an act not favored by the judiciary there is no logical reason to decline jurisdiction solely on that ground if the law confers the *unrestricted choice* on a party-plaintiff. Even the argument of "unnecessary and unreasonable inconvenience and expense", or that of "vexatiously harassing and annoying defendant", would have no force if the right to maintain an action in a remote place is *unrestricted*. Such arguments apply to every case so far as a defendant is concerned. So the real question is whether or not plaintiff has the *unrestricted* right to maintain her action here in this forum and it begs the question to contend that she does not because she is shopping for a forum or harassing the defendant.

The controlling law in Florida on the application of the doctrine of *forum non conveniens* is set forth in Hagen v. Viney, 124 Fla. 747, 169 So. 391, and cases therein cited. This case and the later case of Southern Railway Company v. Bowling, 129 So.2d 433, and cases therein cited, leave no doubt that the application of the doctrine rests in the sound discretion of the trial judge; so, to that extent, this court concludes that plaintiff does not have an "unrestricted right" to maintain her action in this forum. As in the Southern Railway case, supra, each case must be considered on its own particular facts and circumstances, and since judges of trial and appellate courts do differ on the application of the doc-

trine in a particular case, it is inevitable that trial judges will differ in *similar cases* such as is now before the court.

Counsel for plaintiff strongly and correctly points to the similarity between the facts in the case at bar and the facts of the Southern Railway case, supra, and contends that the majority opinion on the point in question there should be followed here. But that case appears to stand only for the proposition that the trial judge in that case did not abuse his discretion in denying the application of the doctrine of forum non conveniens and there is every reason to assume that if he had applied the doctrine, that ruling would likewise have been affirmed on appeal.

In the case at bar, this court adopts the opinion and reasoning of Judge Charles Carroll in the Southern Railway case, supra, as the law of this case because the authorities therein cited and relied on, and the reason and logic thereof, make a strong case for the application of the doctrine discussed. If the case now before this court is not a proper case to decline jurisdiction, the doctrine of *forum non conveniens* has no application in F.E.L.A. cases in Florida. Giving due weight to the guides for the doctrine's application set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055, 1062, this court can reach no more satisfactory answer to plaintiff's search for help than the conclusion reached by the proverbial prodigal son who found himself penniless in a country far from the riches of his own home.

Accordingly, it is considered, ordered and adjudged that defendant's motion to dismiss without prejudice is granted, and this cause is dismissed without prejudice.