PEARSON, TILLMAN, Judge.
The Atlantic Coast Line Railroad Company was sued in the circuit court in Dade County by Alva J. Touchton in an action for personal injuries growing out of an accident which occurred in the City of Gaines-ville, Alachua County, Florida. The plaintiff-Touchton is a citizen of the State of Florida, residing in Hillsborough County. The defendant-Atlantic Coast Line Railroad Company is a foreign corporation authorized to do business in the State of Florida and has a resident agent in Dade County. Service of process was directed to this agent.
The trial judge dismissed the appellant’s complaint under the doctrine of *739 forum non conveniens. We reverse. As has previously been stated, the doctrine of forum non conveniens is inapplicable to a case where a Florida resident sues a foreign corporation on a transitory action which arose in Florida. Greyhound Corp. v. Rosart, Fla.App.1960, 124 So.2d 708; Atlantic Coast Line R. R. Co. v. Ganey, Fla.App.1960, 125 So.2d 576.
Upon this appeal, the appellee concedes that venue was proper. The statutes of this State give the plaintiff a right to sue in any county wherein the defendant-foreign corporation has an agent or other representative. The language of § 46.04, Fla.Stat., F.S.A. is explicit:
“Suits against domestic corporations shall be commenced only in the county (or justice’s district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located; and in the case of companies incorporated in other states or countries, and doing btisiness in this state, suit shall be commenced in a county or justice’s district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated.” [Emphasis supplied]
The appellee urges that the doctrine of forum non conveniens arises out of the court’s inherent right to protect itself from actions inadvisably brought far from the residence of the plaintiff and the witness. We must reject that theory because where the legislature provides that an action may be brought in a certain court, that court may not impose its will as to venue in order to force a plaintiff to accept another forum for the action which the courts conceive to be better than one specified by the legislature.
The reason, as we understand it, that the doctrine has been applied in Florida to nonresident plaintiffs is because as to such plaintiffs, there is no statutory right to bring the action in any particular forum. This cannot be said to be so in a case of a resident plaintiff acting under the section of the Florida Statute above quoted.
Reversed and remanded.