PER CURIAM.
Defendant brings this interlocutory appeal seeking review and quashal of an order denying its motion to dismiss the action for the convenience of the parties and witnesses in the interest of justice, without prejudice to the right of plaintiff to reinstitute and prosecute its action in the state or federal courts in New York having jurisdiction. The theory of the motion is grounded upon the doctrine of forum non conveniens which authorizes the dismissal of actions in those cases where it is made to appear that they may be more conveniently litigated in another forum. Such a practice is authorized with respect to civil actions instituted in the United States District Courts of this country, pursuant to the provisions of 28 U.S.C. A. § 1404(a). We have no comparable statute in Florida.
No question is raised with respect to the correctness of the venue selected by plaintiff for the institution of this action. The Florida venue statute specifies the forums in which an action may be commenced,[1] and grants to the plaintiff the right to select the forum within the limitations specified. The right thus granted may not be withdrawn through judicial action on the ground that a different forum might better suit the convenience of the defendant. We agree with the principle stated by Judge Tillman Pearson, speaking for the Third District Court of Appeal in the case of Touchton v. Atlantic Coast Line Railroad Company,[2] as follows:
“The appellee urges that the doctrine of forum non conveniens arises out of the court’s inherent right to protect itself from actions inadvisably brought far from the residence of the plaintiff and the witness. We must reject that theory because where the legislature provides that an action may be brought in a certain court, that court may not impose its will as to venue in order to force a plaintiff to accept another forum for the action which *21 ttle courts conceive to be better than one specified by the legislature.”
In Touchton the trial court dismissed the .action properly commenced in Dade County because Alachua County where the plaintiff was injured was a more convenient forum in which to maintain the litigation. It was this order which was reversed on appeal. We are of the view that the principle followed in that decision is equally applicable to actions properly brought in Florida where it is made to appear that a more convenient forum may be found in another state.
Our review of the record in the case sub judice fails to demonstrate that in denying appellant’s motion to dismiss the cause of action, the trial court either abused its discretion or departed from the essential requirements of law. This interlocutory appeal is accordingly dismissed.
RAWLS, C. J., and WIGGINTON, and •CARROLL, DONALD K., JJ., concur.

. § 46.04, F.S.A.
‘‘Suits against corporations — Suits against domestic corporations shall be commenced only in the county (or justice’s district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located; and in the case of companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice’s district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated.”

. Touchton v. Atlantic Coast Line Railroad Company, (Fla.App.1963) 155 So.2d 738, 739.