196 So.2d 512 (1967)
SOUTHERN RAILWAY COMPANY, a Corporation, Appellant,
v.
Clyde B. McCUBBINS, Appellee.
No. 66-225.
District Court of Appeal of Florida. Third District.
February 28, 1967.
*513 Scott, McCarthy, Steel, Hector & Davis and Dwight Sullivan, Miami, for appellant.
Frates, Fay, Floyd & Pearson and Larry Stewart, Miami, for appellee.
*514 Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.

ON REHEARING
CARROLL, Judge.
On this appeal by the defendant from an order of the trial court denying its motion to dismiss under the doctrine of forum non conveniens, we entered an order of affirmance without opinion. Upon further consideration of the cause on rehearing a majority of the panel of this court which heard this appeal is of the opinion that the order denying the motion to dismiss should be reversed, whereupon, this court's order of affirmance filed January 17, 1967, is vacated, and this opinion and judgment of reversal is substituted.
The appellee Clyde B. McCubbins filed an action in the circuit court in Dade County against the appellant Southern Railway Company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. It was alleged the plaintiff was injured in the course of his employment when struck by a hump engine in the company's railroad yard in Knoxville, Tennessee, and that his injuries were proximately caused by negligence of the defendant. A number of separate acts of negligence were alleged, relating to maintenance and operation of the railroad yard and the failure to furnish a safe place to work.
A motion of the defendant for dismissal of the cause under the doctrine of forum non conveniens was denied, with a direction in the order that the plaintiff "should pay defendant all reasonable expenses that defendant incurs in excess of those that would have been incurred if this cause had been tried in Knoxville, Tennessee instead of in Miami, Florida." The defendant then took this appeal from that interlocutory order.
At the outset we consider contentions of the appellee that the order is not appealable, and that the doctrine of forum non conveniens can not be applied by a state court in an F.E.L.A. case.
Neither of those contentions has merit. Florida Appellate Rule 4.2 authorizes interlocutory appeals in law actions from orders "relating to venue." An order denying a motion for dismissal on the doctrine of forum non conveniens is an interlocutory order "relating to venue" appealable under rule 4.2 F.A.R., and this court so held in Southern Railway Company v. Bowling, Fla.App. 1961, 129 So.2d 433.
By an act of Congress appearing as § 1404(a), 28 U.S.C.A. (June 25, 1948, c. 646, 62 Stat. 937), it was confirmed that the doctrine of forum non conveniens is applicable in F.E.L.A. cases. Appellee's reliance on statements in Baltimore & Ohio R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, and certain other earlier federal decisions indicating that the doctrine should not be applied to F.E.L.A. cases, is misplaced. The statute referred to made those prior expressions of opinion on that question obsolete.[1] Subsequent to the passage of that statute, the United States Supreme Court has held that the doctrine can be applied by state courts in F.E.L.A. cases. Missouri ex rel. Southern Pacific Railway Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3. The doctrine of forum non conveniens is one which is sanctioned by the law of this state, where the cause of action arose in another jurisdiction and neither party resides in Florida. Hagen v. Viney, 124 Fla. 747, 169 So. 391.
By the motion to dismiss and affidavits in support thereof the following facts were made to appear. Neither of the parties is a resident of the State of Florida. The *515 plaintiff resides in Knoxville, Tennessee, where he has been a registered voter since 1945. The defendant railway company is a Virginia corporation. Its principal office is not in Florida. It has an office and agent in Dade County, Florida, but does not operate its trains south of Jacksonville.
The travel distance from Knoxville to Miami was shown to be 1,088 miles by rail, 859 miles by highway and 687 miles by air. The material witnesses live in Knoxville, and cost of transporting and maintaining them for trial here, including their pay for the extra time involved, was estimated to be in excess of $5,500.
As to availability of trial facilities in the area of the plaintiff's residence, the defendant railway company submitted an affidavit of the president of the Knoxville Bar Association stating there were local attorneys competent to handle cases brought under F.E.L.A. and doctors competent to treat, evaluate and testify as to the injuries claimed. Also, affidavits were submitted by clerks of the local Tennessee state and federal courts to the effect that such causes customarily were brought to trial in the state court within four months after filing and in the federal court within six to eight months after filing. A former president of the Knoxville and Tennessee State Bar Associations stated by affidavit that in his experience plaintiffs in F.E.L.A. cases had received fair treatment in the hands of the local courts and juries, and that no preferential treatment of railway companies by the courts or juries had been observed. His affidavit added: "In my opinion, no conditions exist that would prevent a plaintiff in a case brought under the provisions of the Federal Employers' Liability Act or Safety Appliance Act from obtaining a fair and impartial trial in our local courts and from receiving a fair and adequate award for any injuries and disabilities."
In addition to the foregoing, the defendant submitted exemplified copies of pleadings showing the plaintiff McCubbins twice before had attempted unsuccessfully to sue on his claim in other remote jurisdictions. The documents revealed that an action had been filed on behalf of McCubbins on the same cause of action in Cook County (Chicago), Illinois; that jurisdiction was refused by that court on the doctrine of forum non conveniens; that thereafter suit was filed for McCubbins on the same cause of action in St. Clair County (East St. Louis), Illinois; and that the trial court there likewise rejected jurisdiction. The present action filed in Dade County, Florida, represents a third attempt to lodge the cause in a foreign jurisdiction equally distant from the local forum.
In opposition to the defendant railway company's motion to dismiss, the plaintiff filed an affidavit and an answer. In his affidavit plaintiff stated, on information and belief, that he would not receive a fair trial in Knoxville "because of the predominant influence of the Southern Railway Company in that community," and offered to pay additional expenses incurred (other than legal fees) as a result of the trial being held in Florida. The defendant's answer to the motion consisted principally of assertions and arguments that the various factors and matters presented by the defendant were not inconveniences or reasons for rejecting jurisdiction.
The appellant railway company contends it submitted a clear and compelling case for dismissal under the doctrine of forum non conveniens, and that denial of its motion was an abuse of discretion. The appellee, in addition to the jurisdictional contentions discussed above, argued that the order appealed in this case should be affirmed on authority of Southern Railway Company v. Bowling, supra, in which denial of such a motion was affirmed by this court, contending the facts in the two cases do not differ materially. Appellee argued further that the matter was one wholly within the discretion of the trial court, and therefore that the order denying dismissal should not be reversed unless it was shown to be a palpable abuse or grossly improvident exercise of discretion.
*516 Appellee's contention that this court must affirm because of its prior holding in the Bowling case is rejected as unsound. Each such case stands on its own facts. A strong case for dismissal was made in Bowling, and in affirming the trial court's acceptance of jurisdiction this court was divided. Moreover, additional material facts appeared in the present case wherein it was disclosed that McCubbin had twice sought to litigate his claim invoking jurisdiction under F.E.L.A. in distant jurisdictions, and that two courts of the State of Illinois, where the case previously was filed, recognized the facts relied on by the defendant railway company as a basis for rejecting jurisdiction under the doctrine of forum non conveniens.
This case, as filed in Dade County, Florida, contains without factual contradiction elements which have been recognized as guides for application of the doctrine. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, 1962. Included among these are the fact that the filing of the cause here constitutes astute forum shopping; an exercise of strategy to force the trial at a distant place inconvenient and expensive to an adversary and thereby necessarily including a measure of harassment; inaccessibility to sources of proof; unavailability of compulsory process for attendance of unwilling witnesses; cost of employment of additional counsel at the place selected for trial; loss of opportunity for a jury view of the premises, where such may become important; no substantial difference in the time in which such a case may be reached for trial in the courts of the two locations; no necessity to resort to a forum in another state in order to obtain a fair trial;[2] an undue and unnecessary imposition on a busy Florida court by adding to its docket a cause of action arising elsewhere between nonresident litigants; and all other practical problems that make trial of a case easier, more expeditious and inexpensive in the forum in the state where the cause of action arose, the parties reside and where normally it would be filed.
In metropolitan areas of Florida where "astute forum shopping" has resulted in the filing in Florida of such out of state cases, the trial courts in some instances have retained jurisdiction and in others have rejected it. Generally such orders of trial courts have not been reported. Southern Railway Co. v. Bowling, supra, shows circumstances under which a trial court accepted jurisdiction. On the other hand, certain instances of rejection of jurisdiction on substantially similar circumstances have been reported. See Hubbard v. Southern Railway Co., Dade County Circuit Court, 1959, 14 Fla. Supp. 10, and Baker v. Atlantic Coast Line Railroad Co., Duval County Circuit Court, 1963, 21 Fla. Supp. 21.
The problem presented by this case is whether the discretion reposed in the trial court operates to insulate from reversal an order denying dismissal in a case containing and presenting the elements which are regarded in law to be such as to prompt, if not compel a rejection of jurisdiction under the doctrine. From the standpoint of the elements revealed and relied on by the defendant it would be difficult to visualize the making of a stronger case for dismissal under the doctrine, unless it should be one stronger in degree as to the elements present.
The trial court's discretion on a motion for dismissal under the doctrine of forum non conveniens is not unbridled. Its *517 exercise should be based on the established guides for application of the doctrine, vis-a-vis the facts disclosed. When the facts and circumstances presented meet the guides which are regarded in law as the basis for dismissal under the doctrine, jurisdiction should be rejected. It is an abuse of discretion for a trial judge, notwithstanding such an adequate showing, to retain jurisdiction on the basis of a willingness to have the case added to his docket. This is so because denial of such a motion where the elements are present upon which the doctrine should be applied amounts to a refusal to give due effect to the law of this state under which the doctrine of forum non conveniens is accepted. Hagen v. Viney, supra. We hold, therefore that where a strong and proper case is made out for dismissal under the doctrine of forum non conveniens, a refusal of a trial court to grant the motion may represent an abuse of discretion.
On considering the record and the briefs and arguments in this case on the hearing and rehearing, we conclude that the defendant railway company made out a case entitling it to dismissal on the doctrine of forum non conveniens, and that on the showing made the denial of defendant's motion to dismiss based on the doctrine was an abuse of discretion. Accordingly, the order appealed from is reversed, and the cause is remanded to the circuit court with direction to enter an order of dismissal without prejudice.[3]
Reversed and remanded with directions.
HENDRY, C.J., dissents.
NOTES
[1] The reviser's note in 28 U.S.C.A. under § 1404 states in part: "Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. As an example of the need of such a provision, see Baltimore & Ohio R. Co. v. Kepner, 1941, 62 S.Ct. 6, 314 U.S. 44, 86 L.Ed. 28."
[2] The affidavit of a prominent member of the Knoxville Bar which defendant presented on this point was contradicted only by the affidavit of the plaintiff, a layman, not supported by any facts, and the basis of the "information and belief" asserted by plaintiff was not disclosed. Moreover, if plaintiff's (unsupported) statement that he could not receive a fair trial in Knoxville had been established as a fact, there was no showing that plaintiff could not obtain a fair trial in the next county, or in some other Tennessee county down the line.
[3] The three year limitation period provided in the federal statute for commencement of F.E.L.A. actions (45 U.S.C.A. § 56) is tolled during the pendency of an action thereunder in a state or federal court (including period of appeal) when such an action is dismissed on a venue ground. Burnett v. New York Central Ry. Co. (1965), 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941.