## AUTRY v. SEABOARD COAST LINE R. R. CO.
No. 68-1531.

Circuit Court, Duval County.

October 3, 1968.

Beckham & McAliley, Miami, for plaintiff.

Clark W. Toole, Jr. and George D. Gabel, Jr., of Kurz, Toole, Taylor & Moseley, Jacksonville, for defendant.

ROGER J. WAYBRIGHT, Circuit Judge.

*Final order dismissing complaint and terminating action:* The plaintiff, an employee of the defendant's predecessor corporation, lives in South Carolina. He sues the defendant in this F.E.L.A. action, claiming to have been injured in South Carolina and in North Carolina. Any witnesses with respect to liability live in South Carolina or North Carolina, and the plaintiff's treating physicians live in those states. The voluminous records that must be sifted and used are all outside Florida.

The only reason apparent to this court why this action is brought in a state court in Florida is that the plaintiff's attorneys live in Miami. Why Jacksonville rather than Miami should be chosen as

the place to sue, if suit is to be brought in Florida, entirely escapes this court.

This is not a situation like that dealt with in Texas Gulf Sulphur Company v. Downtown Investment Company, 188 So.2d 19 (D.C.A. 1, Fla., 1966), certiorari dismissed 196 So.2d 436 (S.C. Fla., 1967). In that case, the plaintiff had its principal office in Jacksonville, and part of the evidence was in Jacksonville, so it appeared to the undersigned judge that Jacksonville was at least as convenient a location for the litigation to take place as any other. The undersigned judge's ruling to that effect was upheld by the First District Court of Appeal and, in a sense, by the Supreme Court of Florida in dismissing certiorari.

But it makes no sense at all to try this action in Jacksonville, and import everybody and everything from South Carolina and North Carolina in order to do so.

If the doctrine of forum non conveniens is ever to come into play in litigation in a state court in Florida, this is the sort of situation in which it should do so, for this is a classic case in which there is no balancing of factors of convenience to be done — there being no factors at all making it convenient for anyone to have the trial in Jacksonville. And it seems now to be established that the doctrine is to take its place in Florida law. See Southern Railway Company v. McCubbins, 196 So.2d 512 (D.C.A.3, Fla., 1967), decided by the same Third District Court of Appeal that had earlier decided Touchton v. Atlantic Coast Line Railroad Company, 155 So.2d 738, 739 (D.C.A.3, Fla., 1963), quoted approvingly by the First District Court of Appeal in Texas Gulf Sulphur Company v. Downtown Investment Company, supra. See, also, Southern Railway Company v. Bowling, 129 So.2d 433 (D.C.A.3, Fla., 1961). [Hubbard v. Southern Railway Co., 14 Fla. Supp. 10; Baker v. Atlantic Coast Line R.R.Co., 21 Fla. Supp. 21.]

The only way this court could retain this action on its docket is to hold flatly that the doctrine of forum non conveniens is not invokable in a Florida state court under any circumstances. The law, as laid down by the First and Third District Courts of Appeal, is otherwise.

Upon consideration, it is ordered that — (1) The defendant's motion (filed March 19, 1968) to dismiss the complaint for improper venue, under the doctrine of forum non conveniens, is granted. (2) The complaint and this action are dismissed, without prejudice to the filing of a new action in a more appropriate forum. (3) This action is terminated.