722 So.2d 974 (1999)
Esther BOTTON, Appellant,
v.
Tali ELBAZ and David Estrade, Appellees.
No. 98-1683
District Court of Appeal of Florida, Fourth District.
January 6, 1999.
*975 Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., and Terry Watson of the Law Offices of Gary E. DeCesare, Ft. Lauderdale, for appellant.
No appearance for appellees.
STEVENSON, J.
Appellant, defendant below, challenges the trial court's denial of her motion to dismiss appellees' personal injury suit on account of forum non conveniens pursuant to Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). The trial court based its denial of the motion on the fact that appellant "offered no sworn proof to the trial court to substantiate the assertions made in [the] motion to dismiss." We affirm.
The lawsuit was based on an incident which occurred in Peru, New York, when a car owned by appellant and driven by a Canadian friend of her son was involved in a one-car accident. Two teenage passengers, also Canadian residents, were ejected from the car and injured. The suit below was filed in Broward County by the two injured passengers. Appellant moved to dismiss for forum non conveniens, arguing that the lawsuit would be more conveniently litigated in New York, pointing out (1) that the accident was investigated by the Plattsburg Police Department, in Clinton County, upstate New York; (2) that the Canadian plaintiffs received medical treatment in New York; and (3) that the only connection with Florida is that the owner of the car resides here. Appellant submitted no sworn affidavits or other evidence with her motion.
We agree with the holding in Ground Improvement Techniques, Inc. v. Merchants Bonding Co., 707 So.2d 1138,1139 (Fla. 5th DCA 1998):
[A] dismissal based on forum non conveniens, if not evident from the allegations appearing on the face of the complaint, must be supported by record evidence, either in the form of affidavits or live testimony.
... Based upon the rationale of the cases interpreting section 47.122, Florida Statutes and the language of the new Rule 1.061, it appears that the procedure to be followed under the forum non conveniens rule is the same as the procedure to be followed under the forum non conveniens statute. To be clear: any defendant seeking dismissal of a suit based upon Rule 1.061 forum non conveniens must support the motion by affidavit or other evidence offered under oath.... The only exception would be where the complaint itself shows on its face that a forum non conveniens transfer is warranted.
Cf. Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830 (Fla. 4th DCA 1997)(reversing an order granting a motion to dismiss based on forum non conveniens where the trial court failed to enumerate its findings pursuant to the four-step Kinney analysis and where there were no sworn allegations in support of the motion, compounding the court's problems in determining how the trial court reached its decision); Graham v. Graham, 648 So.2d 814, 815-16 (Fla. 4th DCA 1995)("A transfer of venue based on convenience is improper where no affidavits or other sworn proof support the motion.").
In the instant case, there were no sworn affidavits or other sworn evidence in support of appellant's motion which would have shed light on the issue of the convenience of the parties and witnesses or on the other factors mandated by Rule 1.061 and Kinney. Furthermore, the alleged "facts" put forward in appellant's motion were not apparent from the face of the complaint. Accordingly, the order under review, denying appellant's motion to dismiss for forum non conveniens, is AFFIRMED.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.