KLEIN, J.
This is an appeal from an order denying a motion to dismiss for forum non conve-niens in an asbestos ease. We affirm.
Plaintiff has alleged that he became ill as a result of exposure to asbestos fibers while working for the Zonolite Company in Vancouver, British Columbia, from 1957 until 1959. Zonolite was acquired by defendant in 1963, and defendant assumed Zonolite’s liabilities.
Plaintiff is a German citizen who presently is a resident of Virginia. Defendant, a Connecticut corporation, maintains its headquarters in Boca Raton.
Defendant argues that the trial court abused its discretion in denying its motion to dismiss, based on forum non conveniens, relying on Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996).
In Kinney the Florida Supreme Court adopted a four step analysis used by the federal courts. In the first step the trial court determines whether an alternative forum exists which possesses jurisdiction over the whole case. If there is, the second step is for the trial court to consider the private interests (conveniences) of the parties, which has been explained by the United States Supreme Court in Gulf Oil v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947):
An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be *1109 appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.
In the present ease, the defendant has not filed any affidavits in support of its motion to dismiss. It assumes that either Canada, where plaintiff was exposed to asbestos, or Virginia, where plaintiff has received medical treatment, are adequate alternative forums. Defendant then goes on to argue in its brief, without any support in the record, in regard to the second step, the conveniences of the parties:
In the instant case, all of the relevant evidence is located outside of Florida. Plaintiff was exposed to asbestos in Canada, the plant was located in Canada, and the workers and employees who operated and managed the plant will most likely be found in Canada. Thus, Canada is the most convenient forum under the private interest analysis.
It is difficult to understand how the defendant would think that a trial court would dismiss this case so it could be brought in Canada based on these bare allegations, considering the fact that the exposure to asbestos occurred forty years ago in a plant owned by a different company. Nor is defendant’s alternative argument, that this case should be litigated in Virginia because plaintiff has received medical treatment for his condition in Virginia, persuasive. There is nothing in this record to show that any physicians who treated plaintiff in Virginia would be material witnesses to the significant issues, which may center on whether there was exposure and, if so, whether the exposure caused plaintiffs disease.
Defendant relies heavily on Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111 (Fla. 4th DCA 1997). Although there are similarities between the two cases, in that all facts comprising the causes of action occurred outside Florida, the defendants did their homework in Ciba-Geigy. They demonstrated by affidavits and depositions that the country in which the tortious conduct and damages occurred was an adequate alternative forum, and that the conveniences of the parties would be served by litigating the case in that country. Although this defendant might well have been able to demonstrate an adequate alternative forum in either Canada or Virginia, by reference to statutes or case law, proof in the form of affidavits or depositions was clearly necessary to fulfill the second requirement, the private interests or conveniences of the parties. Botton v. Elbaz, 722 So.2d 974 (Fla. 4th DCA 1999), and cases cited.
Affirmed.
GUNTHER, and SHAHOOD, JJ., concur.