734 So.2d 576 (1999)
FOUR STAR RESORTS BAHAMAS, LTD. d/b/a Paradise Island Fun Club, a Bahamian corporation, Appellant,
v.
ALLEGRO RESORTS MANAGEMENT SERVICES, LTD., a B.V.I. corporation, Appellee.
No. 98-3205.
District Court of Appeal of Florida, Third District.
June 16, 1999.
Richard F. Joyce, III, Miami, for appellant.
Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., and Dana A. Clayton, Miami, for appellee.
Before COPE, GERSTEN and FLETCHER, JJ.
PER CURIAM.
Four Star Resorts Bahamas, Ltd., doing business as Paradise Island Fun Club, appeals an order denying its motion to dismiss on grounds of forum non conveniens. See Fla. R.App. P. 9.130(a)(3)(A) (authorizing review of non-final orders that concern venue); see also Thomas v. Thomas, 724 So.2d 1246 (Fla. 4th DCA 1999); Southern Railway Co. v. McCubbins, 196 So.2d 512 *577 (Fla. 3d DCA 1967). The underlying contract in this litigation contains a forum selection clause choosing Dade County as the forum for any suit arising out of the agreement, and waiving any venue objection, and including any objection that the suit has been brought in an inconvenient forum. The trial court denied the motion to dismiss for forum non conveniens, see Fla. R. Civ. P. 1.061, and Four Star has appealed.
"It is settled law in this state that the parties to an agreement may provide therein where suit may be brought to enforce it if such should become necessary...." Producers Supply, Inc. v. Harz, 149 Fla. 594, 596, 6 So.2d 375, 376 (1942); see also Hughes Supply Inc. v. Lupton, 487 So.2d 429 (Fla. 5th DCA 1986). Having contractually agreed to venue in Dade County, and having explicitly waived any venue or forum non conveniens objection, Four Star will not be heard to say otherwise now.
Four Star's challenge to personal jurisdiction based on McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987), is not properly before us and we express no opinion on that issue.
Affirmed.