811 So.2d 809 (2002)
FOUR STAR RESORTS BAHAMAS, LTD., etc., Appellant,
v.
ALLEGRO RESORTS MANAGEMENT SERVICES, LTD., etc., Appellee.
No. 3D00-2645.
District Court of Appeal of Florida, Third District.
March 20, 2002.
Richard F. Joyce, III, Miami, for appellant.
Akerman, Senterfitt & Eidson and Dana A. Clayton, Miami, for appellee.
*810 Before COPE, LEVY, and RAMIREZ, JJ.
LEVY, Judge.
Four Star Resorts "Four Star" is a Bahamian corporation with its principal place of business located in the Bahamas. Allegro Resorts Management Services "Allegro" is a British Virgin Islands corporation that is in the business of marketing, promoting, managing, and operating hotels. Allegro does business in Miami through one of its subsidiaries, but that subsidiary is not involved in this litigation. Allegro and Four Star entered into a Marketing Agreement by which Allegro would provide sales and marketing services to Four Star outside the United States in exchange for compensation. Allegro would perform these services from its offices outside of Florida. The Marketing Agreement contained a forum selection clause naming Dade County, Florida, as the jurisdiction where any proceedings with respect to the agreement should be brought.[1]
Allegro filed a lawsuit in Dade County, Florida, alleging that Four Star breached the Marketing Agreement by failing to pay for services rendered. Four Star filed a Motion to Dismiss for Lack of Personal Jurisdiction and for Forum Non Conveniens. The motion was denied. Four Star filed an appeal. In Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Management Services, Ltd., 734 So.2d 576 (Fla. 3d DCA 1999), this Court affirmed the denial of the motion to dismiss as to forum non conveniens and declined to hear Four Star's challenge to personal jurisdiction as that issue was not properly before the Court. After the trial court entered a default and a final judgment as to liability against Four Star, the case proceeded to trial before a jury on the issue of damages. The jury awarded damages of $145,730.32. Four Star appeals the final judgment on the ground of lack of personal jurisdiction.
The question before us is whether the Marketing Agreement's forum selection clause can operate as the sole basis for Florida to acquire personal jurisdiction over Four Star. For the following reasons, we answer this question in the negative and reverse the final judgment entered below.
In McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987), the Florida Supreme Court held that a forum selection clause designating Florida as the forum cannot, standing *811 alone and without any other connection, allow Florida to exercise personal jurisdiction over the objection of a nonresident defendant. Id. at 542. Although the forum selection clause in the instant case is more elaborate than the one used by the parties in McRae, there is no indication in the language of McRae to suggest that a more detailed forum selection clause creates a sufficient nexus with the state of Florida.
As the McRae court found, there must be an independent basis for Florida to exercise jurisdiction. Id. at 543. "The legislature has set forth in our long arm statute the policy of this State concerning when Florida courts can exercise in personam jurisdiction over non-resident defendants. Conspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement." Id. (footnote omitted).
Since, in the instant case, the only alleged basis for personal jurisdiction in Florida is the forum selection clause contained in the Marketing Agreement between the parties, and since there is no independent basis for Florida to exercise jurisdiction over Four Star, an objecting non-resident defendant, the trial court should have granted Four Star's Motion to Dismiss for Lack of Personal Jurisdiction. Accordingly, the final judgment is reversed.
NOTES
[1] The miscellaneous section of the Marketing Agreement contained the following clause:

ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT, OR ANY JUDGMENT ENTERED BY ANY COURT IN RESPECT TO THIS AGREEMENT, SHALL BE BROUGHT IN THE COURTS OF THE COUNTRY OF THE UNITED STATES OF AMERICA ("U.S.A."), IN THE STATE OF FLORIDA, COUNTY OF DADE, AND THE PARTIES ACCEPT THE EXCLUSIVE PERSONAL JURISDICTION OF THOSE COURTS FOR THE PURPOSE OF ANY SUIT, ACTION OR PROCEEDING. IN ADDITION, THE PARTIES KNOWINGLY, INTENTIONALLY AND IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH THEY MAY NOW OR LATER HAVE TO THE LAYING OF VENUE OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR ANY JUDGMENT ENTERED BY ANY COURT BROUGHT IN THE STATE OF FLORIDA, COUNTY OF DADE, IN THE U.S.A., AND FURTHER, KNOWINGLY, INTENTIONALLY AND IRREVOCABLY WAIVE ANY CLAIM THAT ANY SUIT, ACTION OR PROCEEDING BROUGHT IN THE STATE OF FLORIDA, COUNTY OF DADE, IN THE U.S.A. HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.