921 So.2d 49 (2006)
CLUB MED BRASIL, S.A., et al., Appellants,
v.
John SICURELLA and Stacey Sicurella, Appellee.
Nos. 3D05-486, 3D04-3220.
District Court of Appeal of Florida, Third District.
February 1, 2006.
Peter A. Miller and Robert S. Glazier, Miami, for appellants.
Steven R. Simon, Miami, for appellee.
Before GREEN, RAMIREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Club Med Sales, Inc., et al. appeal a denial of a motion to dismiss based on forum non conveniens. We affirm.
The plaintiffs are suing for damages sustained by John Sicurella while on a Club Med vacation in Brazil. The plaintiffs are Massachusetts residents who booked and paid for their vacation through defendant, Club Med Sales, Inc., which is a Delaware corporation with its principal office in Coral Gables, Florida. When the plaintiffs booked their vacation, they signed an agreement containing a provision entitled "Claims" which provides:
You agree that (i) any claims relating to Vacations are null and void unless made in writing and sent via certified mail, return receipt requested, to Club Med Sales, Inc. Customer Relations, 75 Valencia Avenue, Coral Gables, FL 33134 within 60 days of your vacation; (ii) legal proceedings are time barred if not brought within one (1) year after the commencement of your Vacation; (iii) any dispute between the member and Club Med Sales, Inc. shall be litigated, if at all, in and before a court located in Miami, Florida, to the exclusion of the courts of any other state, territory or country; (iv) the laws of the countries where the villages are located may govern the disposition of your claim and in *50 some cases may limit your recovery and damages.
(emphasis added). The defendants moved to dismiss based on forum non conveniens, arguing that the case should be brought in Brazil. The trial court denied the motion.
We will not disturb a trial court's decision on a motion to dismiss on the ground of forum non conveniens absent an abuse of discretion. Cardoso v. FPB Bank, 879 So.2d 1247 (Fla. 3d DCA 2004). We find that the trial court did not abuse its discretion. The agreement provides that disputes between the plaintiffs and Club Med Sales, Inc. must be brought in Miami. In Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Management, 734 So.2d 576 (Fla. 3d DCA 1999), we found that parties to an agreement may waive forum non conveniens objections by including a forum selection clause in their agreement. Although we subsequently determined that such a forum selection clause does not establish personal jurisdiction, so that there must exist an independent basis to exercise jurisdiction over the parties, Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Management, 811 So.2d 809 (Fla. 3d DCA 2002), there is no dispute that personal jurisdiction exists over all of the parties in the instant case. Because the forum selection clause in the instant case provides that suits against Club Med Sales, Inc. must be brought in a court in Miami and in no other court, the plaintiff would not be able to sue Club Med Sales, Inc. in Brazil, or any other location, so there can be no more convenient forum than Miami. See Fla. R. Civ. P. 1.061(a)(setting forth the requirements for a forum non conveniens dismissal, including that "an adequate alternative forum exists which possesses jurisdiction over the whole case, including all of the parties," and that "the plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice") (emphasis added); Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So.2d 86 (Fla.1996) (setting forth the test for forum non conveniens). As the trial court did not abuse its discretion in denying the motion to dismiss for forum non conveniens, we affirm.
Affirmed.