937 So.2d 248 (2006)
WEG INDUSTRIAS, S.A., etc., et al., Appellants,
v.
COMPANIA DE SEGUROS GENERALES GRANAI, etc., Appellee.
No. 3D05-1801.
District Court of Appeal of Florida, Third District.
September 6, 2006.
*249 Becker & Poliakoff and Mitchell W. Mandler and Manjit S. Gill, Fort Lauderdale; Holland & Knight and Rodolfo Sorondo, Jr., Miami, and Lenore C. Smith, for appellants.
Renee Adwar, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
SHEPHERD, J.
This is an appeal from a non-final order denying a motion to dismiss on forum non conveniens grounds. As is not uncommon in our courts, the underlying transaction and most significantly affected litigants are all housed offshore. We accordingly hold, as we did recently in our en banc decision in Tananta v. Cruise Ships Catering & Servs. Int'l N.V., 909 So.2d 874, 886 (Fla. 3d DCA 2004), that the resolution of the dispute between these parties must also be housed elsewhere.

JURISDICTION
Although not raised by the parties, we pause to consider the grounds by which we *250 have jurisdiction to entertain this appeal. See Dep't of Prof'l Regulation v. Rentfast, Inc., 467 So.2d 486, 487 (Fla. 5th DCA 1985); see also Licata v. State, 80 Fla. 554, 556, 86 So. 427 (1920)("Where the record shows a want of appellate jurisdiction in this court, the writ of error will be dismissed sua sponte.").
Some years ago, a panel of this court opined that an order granting or denying a motion to dismiss on the ground of forum non conveniens is "an appealable interlocutory `order[] relating to venue' under [former interlocutory appeal] rule 4.2[a] F.A.R." Southern Ry. Co. v. McCubbins, 196 So.2d 512, 514 (Fla. 3d DCA 1967). Although we are bound by McCubbins and its progeny, we are not so sanguine about the vigor of its reasoning, especially in light of the substantial revision made to the Florida Rules of Appellate Procedure in 1977. See In Re: Proposed Appellate Rules, 351 So.2d 981, 997 (Fla.1977). With the benefit of historical hindsight, we would conclude today that a party whose case has been dismissed via a grant of a motion to dismiss on the ground of forum non conveniens has a constitutional right to have that order reviewed by this court, see Art. V, § 4(b)(1), Fla. Const. ("District Courts of Appeal shall have jurisdiction to hear appeals, that may be taken as of right from final judgments or orders of trial courts."); see also Fla. R.App. P. 9.030(b)(1)(A); Augustin v. Blount, Inc., 573 So.2d 104, 105 (Fla. 1st DCA 1991)("A final order is one which constitutes an end to the labor in the cause."), and that review of orders denying motions to dismiss on the ground of forum non conveniens, being interlocutory in character and not expressly included among those orders reviewable under Florida Rule of Appellate Procedure 9.130, are reviewable solely via certiorari. See Art. V, § 4(b)(3), Fla. Const., Fla. R.App. P. 9.030(b)(2)(A)(permitting review of "non-final orders of lower tribunals other than as prescribed by rule 9.130"); State v. Pettis, 520 So.2d 250, 252 (Fla.1988)(pointing out that "the reference to rule 9.130 is not inadvertent because the orders covered by that rule are ones from which an interlocutory appeal may be taken as contrasted to a petition for certiorari"); cf. Art. V, § 4(b)(1)(permitting review of interlocutory orders "to the extent provided by rules adopted by the supreme court").
We consider this analysis more sound than the McCubbins analysis for two reasons. First, in reaching its result, the McCubbins court placed sole and exclusive reliance upon Southern Railway Co. v. Bowling, 129 So.2d 433 (Fla. 3d DCA 1961). However, Bowling, while a forum non conveniens case, is a fractured three-way split of an opinion in which, as long ago suggested by Associate Judge Stanley Milledge in dissent, the conclusion reached on the reviewability of the order presented was at best "implicit" and therefore, in our humble view, of dubious precedential value. See id. at 438 (Milledge, A.J., dissenting).[1] Secondly, the language for former *251 interlocutory appeal rule 4.2(a), on which in 1967 the McCubbins court relied, is in our judgment materially different than that appearing in today's successor rule by which we, of course, are governed.
In 1967, Florida Appellate Rule 4.2(a) read in relevant part:
Rule 4.2. Interlocutory Appeals
a. Application. Appeals may be prosecuted in accordance with this rule from interlocutory orders in civil actions that, from the subject matter of the relief sought, are such as formerly were cognizable in equity, and from interlocutory orders relating to venue or jurisdiction over the person, from orders granting partial summary judgment on liability in civil actions, . . . . Nothing in this rule shall preclude the review of an interlocutory order in a civil action on appeal from the final judgment as otherwise indicated by these rules. This rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari.
(emphasis added).
In 1977, Florida Appellate Rule 4.2 was replaced by Florida Rule of Appellate Procedure 9.130. The new rule included among those interlocutory orders appealable as of right "non-final orders . . . that (A) concern venue." Fla. R.App. P. 9.130(a)(3)(A)(emphasis added). We believe the language of the new rule is narrower than that of the former rule. Stated otherwise, the range of orders that under today's rule "concern venue" is not, in our view, coextensive with those formerly "relate[d] to venue." We find support for this interpretation of the present-day rule in the Fourth District Court of Appeal's recent decision in Eggers v. Eggers, 776 So.2d 1096, 1098 (Fla. 5th DCA 2001)("A motion to dismiss/transfer venue due to the impropriety of the plaintiff's venue selection is significantly different than a motion to transfer on forum non conveniens grounds."); see also Christine Russell, Comment, Should Florida Be A "Courthouse for the World?": The Florida Doctrine of Forum Non Conveniens and Foreign Plaintiffs, Kinney v. Continental Insurance Co., 674 So.2d 86 (Fla. 1996), 10 Fla. J. Int'l L. 353, 354-55 (1995)("The common law doctrine of forum non conveniens allows courts with proper jurisdiction and venue over a cause of action to dismiss a case that might be "fairly or more conveniently litigated elsewhere."). But see Committee Notes to 1977 Amendment ("Allowable interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former rule 4.2.").
On the other hand, as previously stated, we recognize McCubbins is controlling authority in this district. Further, we are not inclined to suggest en banc consideration of this matter for two reasons. Cf. In re Rule 9.331, Determination of Causes by Dist. Court of Appeal En Banc, etc., 416 So.2d 1127, 1128 (Fla.1982)("[I]n most instances, a three-judge panel confronted with precedent with which it disagrees will suggest an en banc hearing."). First, in the many ensuing years since this court pronounced McCubbins, McCubbins seems to have become the uncritically established jurisdictional touchstone for many courts of appeal panels around this state whose curiosity has moved them to ponder how they have jurisdiction to review either grants or denials of motions to dismiss on forum non grounds. See e.g., Thomas v. Thomas, 724 So.2d 1246, 1248 (Fla. 4th DCA 1999)(citing McCubbins and Fla. *252 R.App. P. 9.130(a)(3)(A) without explanation); Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt. Serv., Ltd., 734 So.2d 576, 576 (Fla. 3d DCA 1999)(citing Fla. R.App. P. 9.130(a)(3)(A) as well as Thomas and McCubbins without explanation); Am. Boxing & Ath. Ass'n v. Young, 911 So.2d 862, 863 n. 1 (Fla. 2d DCA 2005)(citing Fla. R.App. P. 9.130(a)(3)(A) without explanation); Overdorff v. Transam Fin. Serv., 27 Fla. L. Weekly D1280, 2002 WL 1071918 (Fla. 5th DCA May 31, 2002)(citing Fla. R.App. P. 9.130(a)(3)(A) without explanation). Second, whether denials of forum non motions (probably the only serious issue) are reviewed by a court of appeal under the present, usual "abuse of discretion" standard[2] or pursuant to a certiorari standard (permitting relief when an interlocutory order "does not conform to the essential requirements of law" and there is no "full, adequate and complete remedy available to the petitioner by appeal", see Taylor v. Bd. of Pub. Instruction, 131 So.2d 504, 506-07 (Fla. 1st DCA 1961)), we perceive the results will, as a practical matter, invariably be the same because the true underlying question is always whether the plaintiff has satisfied the well-known Kinney factors required to maintain his or her cause of action in our courts. See Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So.2d 86, 90 (Fla.1996), discussed infra at pp. 253-55. We are hard-pressed to conceive a fact pattern where an improper denial would constitute an abuse of discretion but not be a departure from the essential requirements of law commanding certiorari relief or vice versa.
We pause to expend judicial resources on this question only because we consider it to be a continuing obligation of the appellate courts of this state to patrol the boundaries of our appellate jurisdiction. With this thought in mind, we suggest that Florida Rule of Appellate Procedure 9.130 be clarified to reflect the reality that orders granting or denying motions to dismiss complaints on grounds of forum non conveniens have been sub silentio reviewed as non-final orders for more than a few legal generations. See Wausau Ins. Co. v. Haynes, 683 So.2d 1123, 1125 (Fla. 4th DCA 1996)(describing the purpose of Florida Rule of Appellate Procedure 9.130 as being to "permit[] immediate review of [that] small class of orders that have a demonstrable effect on outcome but as to which final review may be inappropriate or ineffective"). We now proceed to the merits of this case.

FACTS
This case arises out of damage to a commercial generator in transit on the high seas between its place of manufacture in Brazil and its final destination in Guatemala. The manufacturer of the generator, WEG Industrias, S.A., sold the generator to a reseller, Uni-Systems Do Brasil (Uni-Systems Brazil). Uni-Systems Brazil then sold the generator to the end user, Compania Agricola Industrial Santa Ana, S.A. (CAISA), a Guatemalan sugar manufacturer. An original offer to sell the equipment, not accepted by CAISA, was made by a separate Uni-Systems affiliate, Uni-Systems Florida. Uni-Systems operates through separate entities in different parts of the hemisphere.
The arrangement among the contracting parties called for the generator to be sent *253 to Guatemala by sea. Title to the generator passed to CAISA at the port city of Santos, Brazil. Because a cargo vessel was not available to ship the generator directly to Guatemala, it was transshipped through Port Everglades. The damage occurred when the generator took a tumble in heavy seas before it reached Fort Lauderdale. As a result of the accident, CAISA elected to off-load the generator in Fort Lauderdale for an inspection. For this purpose, CAISA retained a local marine surveyor and secured the services of a WEG representative, who traveled from Brazil to Fort Lauderdale at CAISA's request. A claims representative from CAISA's insurance carrier, Compania de Seguros Generales Granai & Townson, S.A. (Seguros), and an employee of Uni-Systems Florida also attended. Because of lack of proper tools, the inspectors could inspect only the outside casing of the generator and the exposed cables.
Based upon this inspection, CAISA elected to return the generator to the manufacturer's plant in Brazil. After a more thorough inspection, WEG made two offers to CAISA: (1) to sell it a completely new generator; or (2) to repair the damaged one. CAISA selected the latter option, and the generator was repaired pursuant to another contract between WEG and CAISA.
After the repair, the generator was transported to Guatemala, this time directly and without incident. One month later, the generator failed shortly after an earthquake. CAISA claimed that the cause was improper repair. WEG blamed the earthquake. Seguros reimbursed CAISA for the loss and then sued both WEG and Uni-Systems Florida, as subrogree of CAISA, in Miami-Dade County Circuit Court. The complaint originally was brought in two counts, negligence and breach of warranty. The former has been dismissed by the trial court and is not a subject of this appeal. CAISA's warranty claims are based upon language contained in the Uni-Systems Florida offer and a warranty contained in the WEG repair contract.
Early on in the case, both WEG and Uni-Systems Florida moved to dismiss the complaint on the grounds of forum non conveniens. The trial court denied the motion, finding that two of the Kinney factorsthe private interests of the parties and the public interestweighed in favor of Seguros' choice of forum. We conclude the trial court misjudged the application of these factors to the facts of this case.

DISCUSSION
We review the trial court's decision regarding forum non conveniens for abuse of discretion. Club Med Brasil, S.A. v. Sicurella, 921 So.2d 49, 50 (Fla. 3d DCA 2006). "Nevertheless, review of the Kinney standard has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge's analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions." Kawasaki, 899 So.2d at 410. In this case, the trial court made no factual findings to support its conclusion.
Under Kinney, a trial court is called upon to examine four factors to determine whether an action must be dismissed for forum non conveniens:
[1] [a]s a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds *254 this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a . . . forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
Id. at 90.[3] The parties agree that the first and fourth factors are satisfied. Brazil is an adequate alternative forum, and the defendants have stipulated they will not object to reinstatement of the litigation in Brazil. The more serious question is whether the private interests favor housing this litigation in our courts. If that call is a close one, then Kinney directs us to consider whether the public interest tips the balance away from our forum. Unlike a Florida litigant, we give no edge to Seguros' choice of forum. Mursia Invs. Corp. v. Industria Cartonera Dominicana, 847 So.2d 1064, 1067 (Fla. 3d DCA 2003)(presumption favoring plaintiffs' choice of forum does not apply to foreign plaintiffs).
It is obvious from the most cursory review of the complaint in this case this is a dispute between Brazilian and Guatemalan companies. Florida figured into the events only as an unavoidable transshipment point and the fortuitous location of a superficial visual inspection following transportation damage on the high seas. It is apparent that all of the witnesses with knowledge of the manufacture, repair, installation, use, and demise of the generator are located in either Brazil or Guatemala. The relevant documents, except for a few that may have been generated during the course of the Port Everglades diversion, will be found in either Brazil or Guatemala. The cost of bringing the witnesses to Miami will be significant. Interpreters and translators will be necessary for both witnesses and documents, necessitating additional significant expense.
In cases "where the complaint itself shows on its face that a forum non conveniens transfer is warranted," the trial court must dismiss the action where plaintiff fails to present evidence supporting its choice of forum. See Botton v. Elbaz, 722 So.2d 974, 975 (Fla. 4th DCA 1999). CAISA's "evidence" consisted of an unauthenticated marine surveyor's report by CAISA's surveyor at Port Everglades and representations of counsel concerning potential witnesses. We are unable to accept bald representations concerning the latter. Ground Improvement Techniques v. Merchants Bonding Co., 707 So.2d 1138, 1139 (Fla. 5th DCA 1998)("It is incumbent upon the parties to submit affidavits or other evidence that will shed the necessary light on the issue of the convenience of the parties and witnesses and the interest of justice."). It is also apparent that to whatever extent the limited inspection at Port Everglades is relevant, the pivotal facts pertinent to this dispute are housed off shore. Finally, Uni-System Florida's presence in Florida  another point argued by counsel  is likewise insufficient to tip the private interest factor in CAISA's favor. See Tananta, 909 So.2d at 886 (presence of foreign cruise line's agent in Hollywood, Florida was not a private interest factor justifying the retention of the matter in South Florida because "a marketing arm for passengers has nothing whatsoever to do with personal injuries suffered by a crewmember"), review denied, 917 So.2d 195 (Fla.2005); cf. Calvo v. Sol Melia, S.A., 761 So.2d 461, 464 (Fla. 3d DCA 2000)("[t]he presence in Florida of corporate subsidiaries whose conduct is unrelated *255 to the claim is not relevant")(emphasis added).
Defendants additionally contend the trial court erred in finding the third Kinney factor, which examines the public interest in the case, mandated denial of the motion to dismiss. We need not reach this point because that factor is to be considered only where the private factors are at or near equipoise. Kinney, 674 So.2d at 90.
For the foregoing reasons, we reverse the order denying Uni-Systems Florida's and WEG's motion to dismiss for forum non conveniens and remand with instructions that the complaint be dismissed without prejudice for it to be reinstated in either Brazil or Guatemala.
Reversed.
NOTES
[1] The order on appeal in Bowling was an order denying a motion to dismiss on forum non conveniens grounds. The opinion of the court written by Chief Judge Horton does not recite a jurisdictional ground for review. See Bowling, 129 So.2d at 434. Judge Carroll, concurring in part, nevertheless writes "I concur with Chief Judge Horton in holding that the order appealed is appealable under rule 4.2, subd. a, Florida Appellate Rules, 31 F.S.A. . . ." Id. at 434. Associate Judge Milledge then reflects: "I dissent to the implicit conclusion that the order is an appealable one. Obviously, it is not a final order, as it would have been if the cause had been dismissed." Id. at 439 (citation omitted). We believe that not only did Associate Judge Milledge correctly perceive the import of Bowling for the ages, but also was technically correct on the merits for the reasons we are arguably taking more pains than warranted to further elucidate in this opinion.
[2] But see Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 410 (Fla. 3d DCA 2005)(stating that review of lower court forum non conveniens decisions "has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge's analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions").
[3] Post-Kinney, these factors were adopted by rule. Fla. R. Civ. P. 1.061.