725 So.2d 1223 (1999)
SMITH BARNEY INC., and Hoxie R. Lind, Appellants,
v.
Martha K. POTTER, Arthur Harvey, Margaret G. Ostrander, and Delores Thomas, Appellees.
No. 98-2488.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
Rehearing Denied March 11, 1999.
Alex J. Sabo and Keith Olin of Morgan, Lewis & Bockius, LLP, Miami, for appellants.
Stephen Krosschell and Joel A. Goodman of Goodman & Nekvasil, P.A., Safety Harbor, for appellees.
FARMER, J.
We have at hand an order refusing to dismiss discrete claims on forum non conveniens grounds. Finding that the record sufficiently establishes that the trial court considered *1224 all the applicable elements of a forum non conveniens argument, we address the merits and reverse for such a dismissal.
Smith Barney is a Delaware corporation with its principal place of business in New York and local offices in many places around the country. Each one of the appellees is a separate investor with Smith Barney. Each resides in a different state, and each made different investments through Smith Barney at a separate time and place, without any then existing legal connection with any of the other appellees.[1] Each investor has asserted a formal claim against Smith Barney involving investments in various limited partnerships, and each has demanded arbitration of the claim according to NASD[2] rules.[3] Apparently some of the limited partnership investments originated more than 6 years before the filing of the claims. The common thread in these transactions for our purposes is that each had a written account agreement with Smith Barney containing an arbitration provision.
The four separate investors joined together to file a declaratory judgment action against Smith Barney in the circuit court in Fort Lauderdale.[4] They sought a declaration that the arbitrators rather than the courts should determine any limitations issue as to whether any or all of their separate and individual claims are barred by NASD rules. Smith Barney moved in the trial court to dismiss the claims of the nonresidents of Florida on forum non conveniens grounds, or alternatively to sever such claims from the Florida claimant's action. After a lengthy hearing, the trial court denied the motion in an order that merely recites that the motion was denied in its entirety.
As a preliminary matter, Smith Barney argues that we should reverse the order merely because it fails to specify the basis for the denial. We reject this contention. At several points during the hearing, the trial judge made clear that he was familiar with Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996). Kinney requires that a trial judge engage in a four-step analysis in deciding whether to dismiss claims on forum non conveniens grounds.[5] The judge stated that he had recently entered a lengthy order in another case dealing with the legal principles of Kinney. All of these steps were discussed at length during the hearing and in legal memoranda filed by the parties. The positions of both sides as to each of the steps were made abundantly clear.
The hoariest principle of appellate review is that every presumption is in favor of the ruling of the trial court. Lott v. City of Orlando, 142 Fla. 338, 196 So. 313 (1939); Bilgore v. Gunn, 150 Fla. 799, 9 So.2d 184 (1942); Odom v. Barrett, 67 So.2d 200 (Fla. 1953) (every presumption is in favor of order *1225 appealed and trial judge's rulings). In the absence of explicitly stated reasoning by the trial judge, an appellate court presumes that all intermediate conclusions in the chain of logic were resolved in favor of the ultimate conclusion of the trial court. Congleton v. Sansom, 664 So.2d 276 (Fla. 1st DCA), rev. denied, 675 So.2d 119 (Fla.1996) (accuracy of trial court's conclusions tested by interpreting all evidence and reasonable inferences in light most favorable to trial court's conclusions); Winn Dixie Stores, Inc. v. Benton, 576 So.2d 359 (Fla. 4th DCA), rev. denied, 589 So.2d 294 (Fla.1991) (on appeal all evidence and conflicts and all reasonable conclusions must be resolved in favor of prevailing party); Seaboard Coast Line R. Co. v. Brummitt, 390 So.2d 170 (Fla. 5th DCA 1980) (when order does not state grounds on which it was based, reviewing court is required to determine if any grounds would support order and assume all necessary facts as true). We have applied these basic principles in this case and conclude that at each step in the four-part analysis the trial court resolved the analysis in a way that would support the denial of the motion to dismiss on forum non conveniens grounds.
We think no purpose would be served by a remand for the trial judge to write out in an order exactly what he had decided at each step. In this regard we contrast the present case with our recent decision in Carenza v. Sun International Hotels, Ltd., 699 So.2d 830 (Fla. 4th DCA 1997), where the entire record was insufficient for us to reach a similar conclusion. In the present case the record is quite sufficient for review. There is no per se rule requiring a remand whenever an order granting or denying dismissal on forum non conveniens grounds fails explicitly to set forth the court's resolution of the four-step analysis. If the record is sufficient to review the trial court's ultimate determination, the scarcity of the text of the order will not matter.
Turning therefore to the merits, we conclude that the trial judge erred.[6] At bottom, the bone of contention between the claimants and Smith Barney in the declaratory judgment action turns on the meaning of NASD rule 10304, which provides:
"No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence of the event giving rise to the act or dispute, claim, or controversy. This Rule shall not extend applicable statutes of limitation, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction."
Claimants apparently read our decision in Wylie v. Investment Mgt. & Research Inc., 629 So.2d 898 (Fla. 4th DCA 1993),[7] to require that it is the arbitrators who must decide whether and to what extent any of their claims are time-barred. Smith Barney, in turn, reads rule 10304 to state a contractual definition specifying what claims may be submitted to arbitration. Under the Supreme Court's decision in First Options of Chicago v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (question who has primary power to decide arbitrability turns upon whether parties agreed to submit that question to arbitration; if parties have not explicitly agreed to submit specific issue to arbitration then court should determine issue; courts should not assume that parties agreed to arbitrate arbitrability of specific issue unless there is clear and unmistakable evidence that they did so),[8] Smith Barney argues that it is for the court to decide whether the parties have agreed to submit the claims older than 6 years to arbitration. It is this controversy as to the meaning of *1226 rule 10304 that the claimants seek to have the court declare in this pending action.
We think the utter lack of any nexus between the three nonresident claimants and the Florida forum clearly requires a dismissal of the claims of the nonresidents on forum non conveniens grounds. In Kinney, the court said:
"we are persuaded that the time has come for Florida to adopt the federal doctrine of forum non conveniens. The use of Florida courts to police activities even in the remotest parts of the globe is not a purpose for which our judiciary was created. Florida courts exist to judge matters with significant impact upon Florida's interests, especially in light of the fact that the taxpayers of this state pay for the operation of its judiciary. Nothing in our Constitution compels the taxpayers to spend their money even for the rankest forum shopping by out-of-state interests."
674 So.2d at 93. We agree with Smith Barney that the claims of the three nonresident claimants represent the "rankest forum shopping by out-of-state interests."
The initial concern of Kinney's 4-step analysis is the availability of an alternate forum for the nonresidents. To their credit, claimants make no attempt to argue that the courts in California, Minnesota and Indiana are not available to entertain a similar kind of declaratory judgment action in their individual cases to ascertain whether it is for the courts or the arbitrators to decide the time-bar contention. This kind of ordinary construction of contract law as to agreements to arbitrate is surely available in the general jurisdiction courts in most, if not all, of the states of this unionand as well, in appropriate cases, in federal courts upon diversity of citizenship. Consequently these claimants cannot seriously suggest that the courts in their states are not open to them for the present kind of declaratory judgment action as to the meaning of contract to arbitrate.
Recognizing that truism, they have instead argued that there is no other forum where all can join in a single action to have the legal issue decided. That is certainly not surprising in view of the utter lack of a legally cognizable connection among the four claimants, aside from the fact that they have all sought arbitration of claims arising from some investments made more than 6 years before the claims were filed. We have no doubt that they may never find such a forum.
The lack of that particular kind of forum is certainly not what the supreme court had in mind in Kinney. As the court explained it, the alternative forum requirement "will be satisfied when the defendant is `amenable to process' in the other jurisdiction." Kinney, 674 So.2d at 90 (citations omitted); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The court added:
"If the `alternative' forum in theory offers a remedy for the wrong in question but lacks any meaningful mechanism for perfecting process, then it is not truly `alternative' within the meaning of Gilbert. Moreover, the Supreme Court has emphasized that alternative fora are not `clearly unsatisfactory' merely because the available legal theories or potential recovery there are less generous than those available where suit was brought. Rather, the alternative fora are inadequate under the doctrine only if the remedy available there clearly amounts to no remedy at all."
674 So.2d at 90-91 (citations omitted).
Just as we did in Ciba-Geigy Ltd., BASF A.G. v. Fish Peddler, Inc., 691 So.2d 1111 (Fla. 4th DCA 1997), we are able to determine that the "whole case" for purposes of forum non conveniens can be reduced to discrete claims brought by nonresidents in an action also including local claims. It is apparent that the focus is not on whether diverse claimants without a legally cognizable connection can join together to sue the same defendant. Rather, in this kind of case, it is whether each claimant could bring the defendant under process in a jurisdiction where they have access to the courts. That is plainly satisfied in this case beyond any serious doubt.
Even if the absence of another single forum in which all of these claimants could sue Smith Barney were dispositive as to the first step in the Kinney analysis, we would still end up concluding strongly in favor of a *1227 dismissal. As to the second step, the record shows that the private interests are at best for claimants in equipoise. Passing on then to the third step, we would necessarily conclude as a matter of law that the public interests of Florida are tilted substantially in favor of dismissal.
In doing so, we reject claimants' argument that the presence of the arbitration in Fort Lauderdale alone satisfies the public interest for keeping the declaratory judgment action in Florida. While it is true that the local court is ordinarily a proper venue to confirm or deny enforcement of an arbitration decision handed down within its territorial jurisdiction, that is not the precise issue involved here. When a civil action is to confirm or deny an arbitration award under Florida law, it may fairly be said that the cause of action to confirm or deny arises where the arbitration takes place. But that is a different matter than whether Florida is a convenient forum to declare the rights and liabilities of parties to an arbitration agreement arising outside of Florida law among citizens from states outside Florida.
Because this arbitration agreement arises under the United States Arbitration Act, 9 U.S.C. §§ 1-16 (1993), the legal question to be answered in this declaratory judgment proceeding directly concerns a question of federal law, rather than Florida law. It involves claimants who reside outside this state and whose only connection with Florida is that they prefer to attach their own separate, if similar, federal arbitration claims to the pending one of a Florida resident. We do not find in that the kind of local, public interest that would predominate for purposes of forum non conveniens. Consequently the trial judge should have dismissed the action of the non-Florida residents in favor of a more convenient forum where they reside.
On remand the trial court is authorized and directed to enter such orders as may be advisable to "ensure that [claimants] can reinstate their suit in the alternative forum without undue inconvenience or prejudice." Kinney, 674 So.2d at 90. In this regard we note that Smith Barney initiated a declaratory judgment action against claimant Arthur Harvey, which is pending (but stayed) in California. The trial judge there has indicated that the case there could proceed if Florida should refuse to entertain it. As that is now explicitly true, there appears to be no reason why that case cannot go forward there.
REVERSED.
POLEN, J., concur.
STEVENSON, J., dissents with opinion.
STEVENSON, J., dissenting.
I dissent because, in my view, this is a case where the trial judge's failure to make the findings enunciated in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), and Florida Rule of Civil Procedure 1.061 frustrates appellate review. I would remand for the trial court to make the necessary Kinney findings as this court did in Carenza v. Sun International Hotels, Ltd., 699 So.2d 830 (Fla. 4th DCA 1997), and as the Third District did in Kelly v. Sun & Sea Estates, Ltd., Inc., 681 So.2d 922 (Fla. 3d DCA 1996). In any event, on the record before us, I would not reverse because I do not see how the appellants have shown an abuse of discretion in the trial court's order denying the motion to dismiss.
The defendant bears the burden of persuasion as to each of the four Kinney factors. See Carenza, 699 So.2d at 832. The second prong of the Kinney test requires a balancing of the private interests of the parties. The record here does not definitively establish that "all relevant factors of private interest favor the alternate forum," particularly when one weighs in the balance "a strong presumption against disturbing plaintiffs' initial forum choice." Fla. R. Civ. P. 1.061(a)(2). Indeed, the appellants' private interests, which focus on the apparent difficulty in assembling evidence and witnesses in Florida bearing on the individual out-of-state transactions between the separate investors and the agents with whom they did business, seem disingenuous in light of the narrow legal issue presented by the declaratory action in the instant case. We simply do not know how the trial court assessed the situation, but we must indulge the presumption that the trial court found that appellees' private *1228 interests outweighed those of appellants. Furthermore, only where the court finds the balance of private interests "at or near equipoise," is it even necessary for the court to proceed to the weighing of public interest. Fla. R. Civ. P. 1.061(a)(3). With regard to public interest, the trial court may have concluded that this case would not be an unreasonable burden on Florida's courts since the declaratory action, even with all of the investors joined, may well entail hardly any more than it would if the Florida resident alone were the plaintiff.
NOTES
[1] Martha Potter is a citizen of Florida, residing in Stuart. Arthur Harvey is a citizen resident of California. Margaret Ostrander is a citizen resident of Minnesota. Delores Thomas is a citizen resident of Indiana. Each opened an account in a Smith Barney office in the state where each resides. A different local Smith Barney account representative (whom Smith Barney calls a "financial consultant") handled the account in each case.
[2] National Association of Securities Dealers.
[3] Initially the claim was filed only by Potter, the Florida resident. After her arbitration was set in Fort Lauderdale as she had requested, the remaining appellees purported to join her in her claim by filing an amended statement of claim. The claims do have a common charge against Smith Barney, namely that it has engaged in lax supervision around the country of its local account representatives who have engaged in deceitful conduct with investors.
[4] The claimants also joined as defendants the various account representatives from the states where they opened the accounts. Appellant Lind was the account representative in Florida for claimant Potter.
[5] See Kinney, 674 So.2d at 90 ("[1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.") (emphasis in original) (citations omitted).
[6] Because our jurisdiction over nonfinal orders is limited to only the venue issue in this case, we do not address the refusal to sever the claims.
[7] See also Tetzlaff v. Raymond James & Assoc. Inc., 649 So.2d 289 (Fla. 4th DCA 1995).
[8] See also Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (parties may limit by contract issues that they will arbitrate and they may specify by contract rules under which that arbitration will be conducted); Mitsubishi v. Soler Chrysler-Plymouth, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (same); Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (same).