SALCINES, Judge.
Philip A.R. Staton appeals a nonfinal order in which the trial court denied his motion to dismiss a declaratory judgment action. We affirm in part and reverse in part.
Mercedes Staton, individually and as trustee of the Mercedes de Staton revocable trust dated October 20, 1983, and Inge-borg Staton, individually and as trustee of the revocable living trust of Ingeborg E. Staton dated January 10, 1991, sought a declaration from the trial court regarding the nature, extent of power, and authority granted to Philip Staton by fourteen separate written instruments. Philip Staton moved to dismiss the complaint on the grounds of failure to join indispensable parties and failure to state a cause of action. He also sought a dismissal of the complaint with leave to file in a more convenient venue pursuant to section 47.122, Florida Statutes (1999), and a dismissal for forum non conveniens pursuant to Florida Rule of Civil Procedure 1.061(a). The trial court denied the motion in its entirety. In this appeal, Philip Staton challenges only the denial of his motion regarding venue and forum non conve-niens.
The trial court properly denied the motion based on section 47.122; therefore, we affirm that ruling without further discussion. However, it appears that the trial court did not consider the merits of the motion to dismiss based upon rule 1.061(a), for forum non conveniens, and thus abused its discretion in denying the motion on that basis.
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), the supreme court “adopt[ed] emergency Rule of Civil Procedure 1.061(a)” which incorporated the federal four-part analysis for determining if a complaint should be dismissed on the grounds of forum non conve-niens. The four-part analysis requires the trial court (1) to establish whether an adequate alternative forum exists which has *47 jurisdiction over the whole case; (2) to consider all relevant factors of private interest and weigh the strong presumption against disturbing a plaintiffs initial forum choice; (3) and if this balance of private interests is in equipoise or near equipoise, the court must then determine whether factors of public interest tip the balance in favor of another forum; (4) then, if the balance favors such an alternative forum, the court must ensure that the plaintiff can reinstate the suit in the alternative forum without undue inconvenience or prejudice. See Woods v. Nova Cos. Belize, Ltd., 739 So.2d 617, 621 (Fla. 4th DCA 1999).
Although the trial court orally concluded that the forum was proper and convenient to the parties in the present case, it did not indicate, either in the oral ruling or in the written order, that the factors set forth in rule 1.016(a) were considered. Further, the record before this court does not demonstrate that the factors were ever considered by the trial court. While the written order need not specifically set forth the trial court’s resolution of the four-step analysis under the rule, the record must be sufficient to review the trial court’s ultimate determination. See Smith Barney Inc. v. Potter, 725 So.2d 1223, 1225 (Fla. 4th DCA 1999). Accordingly, the trial court abused its discretion when it denied the motion on this ground without considering the relevant factors. We reverse and remand for a review of only that portion of the motion to dismiss relating to forum non conveniens pursuant to rule 1.016(a).
Affirmed in part, reversed in part, and remanded with directions.
PATTERSON, C.J., and NORTHCUTT, J., concur.