SUAREZ, J.
ABA Capital Markets Corporation (“ABA”) appeals from a non-final order denying ABA’s Motion to Dismiss Provincial De Reaseguro’s (“Provincial”) Amended Complaint on the ground of forum non conveniens. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c). See also WEG Indus., S.A. v. Compania De Seguros Generales Granai, 937 So.2d 248 (Fla. 3d DCA 2006). We affirm.
Provincial, a Venezuelan reinsurance company, entered into a transaction with ABA, a foreign entity incorporated in the British Virgin Islands, to swap bonds (a “permuta”) and make other off-shore investments in U.S. Dollars. After Provincial completed the permuta transaction, it entrusted custody of the bonds to ABA. ABA then issued two letters to Provincial confirming that ABA had purchased two identical bonds issued by the Republic of Venezuela and denominated in U.S. dollars. There was no reference on the confirmation letters that the bonds would be physically located in Miami, but there was a Miami business address located at the bottom of the letters. Further, the president of ABA, Enrique Auvert Vetencourt (“Auvert”), sent a certificate to Provincial confirming that ABA was holding the bonds as custodian on behalf of Provincial. This certificate also contained a footer with a mailing address for ABA in Miami. One week later, Provincial sent ABA a letter enclosing a check for U.S. $1,000,000, “in order to pay for the purchase of Global-23 Bonds.”
The parties dispute whether Auvert’s certificate induced Provincial to believe the bonds were being held at ABA’s Miami office, but the bonds were actually being held in New York. In 2010, Provincial sought repayment of the offshore investments made with ABA. When ABA failed to promptly repay the sums invested, Provincial demanded that ABA return the bonds or transfer them to an alternate custodian on behalf of Provincial. When ABA faded to meet Provincial’s demands, it filed suit in Miami alleging fraud, civil theft, conversion, breach of fiduciary duty, unjust enrichment and breach of contract.
ABA filed a motion to dismiss claiming, inter alia, failure to state a claim and forum non conveniens. The trial court denied the motion to dismiss without prejudice, but required Provincial to amend its complaint and attach exhibits translated into English from the original Spanish. After the amended complaint was filed, ABA filed another motion to dismiss, again asserting forum non conveniens.[1] ABA’s *388 motion to dismiss the amended complaint was denied, and this appeal followed.[2]

The Sufficiency of the Order

Relying on Wood v. Bluestone, 9 So.3d 671 (Fla. 4th DCA 2009), ABA argues the trial court erred in failing to engage in any meaningful analysis of the four factors for forum non conveniens dismissals set forth in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 90-94 (Fla.1996).[3] Although the order on appeal fails to set forth the trial court’s analysis of the Kinney factors, there is “no per se rule requiring a remand whenever an order ... denying dismissal on forum non conveniens grounds fails to explicitly set forth the court’s resolution of the four-step analysis.” Smith Barney, Inc. v. Potter, 725 So.2d 1223, 1225 (Fla. 4th DCA 1999). Rather, an adequate analysis of the Kinney factors during the hearing itself can support affirmance of an otherwise insufficient order. Id. The trial court conducted two hearings based on the forum non conveniens issue in this case. As was the case in Potter, the record shows that both parties’ positions on the Kinney factors were made abundantly clear during these hearings, and were considered by the trial court.

The Kinney factors

ABA asserts that the trial court erred in not dismissing the amended complaint as it presented evidence satisfying all of the Kinney factors. Importantly, ABA, as the movant, bore the burden of proving each element of the Kinney analysis. Telemundo Network Grp., LLC v. Azteca Int’l Corp., 957 So.2d 705 (Fla. 3d DCA 2007).
1. Adequate Alternative Forum
The first Kinney factor is undisputed— Venezuela is an adequate alternative forum.
2. Private Interests
The second factor looks at the following practical concerns: (1) adequate access to evidence and relevant sites; (2) adequate access to witnesses; (3) adequate enforcement of judgments; and (4) the practicalities and expenses associated with litigation. Kinney, 674 So.2d at 91. “[U]nless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” Id. at 89. However, the plaintiff’s choice of forum is given less deference when the plaintiff is not a resident of the forum state, or has little bona fide connection to that state. Rolls-Royce, Inc. v. Garcia, 77 So.3d 855, 860 (Fla. 3d DCA 2012); Rabie Cortez v. Palace Holdings, S.A., 66 So.3d 959, 963 (Fla. 3d DCA 2011).
ABA argues that the private interests are in favor of the alternate forum because all communications and negotiations were between people outside Florida, the bonds *389 were being held in New York and all records are in Spanish. Further, ABA asserts, it would be impractical to compel all witnesses to travel to Miami as it would require additional expenses such as translators and travel costs.
However, Auvert, who is the main witness and president of ABA, resides in Miami. ABA, through Auvert, operated in Miami as custodian of the bonds. Other than the Provincial representatives, no other witnesses are located in Venezuela. Further, the Provincial witnesses located in Venezuela have already made several trips to Miami for the litigation, and agreed to continue doing so. ABA maintained its bank accounts in Miami and received all its statements in Miami. ABA also exchanged wire transfers with Provincial from ABA’s Miami bank account. In addition, all key documents have already been translated from Spanish to English, and the less than fifty documents Provincial intends to rely upon have already been provided to its attorney’s office in Miami.
Thus, although Provincial is entitled to less deference than a plaintiff who is a resident of Florida, we agree with the trial court that ABA failed to establish the balance of private interests in this case favor dismissal.
3. Public Interest
The third Kinney factor is only considered if the balance of private interests is at or near equipoise. Kinney, 674 So.2d at 91. Thus, because we have determined that the balance of private interests in this case are not at or near equipoise, it is unnecessary to analyze the public interest issues. Even so, because we find that ABA does have significant connections to Florida, through its president, Auvert, this factor weighs against dismissal as well.[4]
4. Inconvenience/Prejudice
Since this factor only comes into play where a trial court grants a motion to dismiss for forum non conveniens, we need not address it here.
Based on the record, we find that the trial court did not abuse its discretion in denying the motion to dismiss, and affirm. See Fla. R. Civ. P. 1.061(a).

. ABA also asserted Provincial could not maintain the lawsuit in Miami because it was not authorized to do business in Florida.

. ABA appeals only the trial court's denial on grounds of forum non conveniens, and seeks to have the case dismissed in favor of a Venezuelan forum.

. In Kinney, the Florida Supreme Court adopted the following four-step analysis for evaluating a forum non conveniens motion for dismissal: (1) the trial court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case; (2) the trial court must consider all relevant factors of private interest; (3) if the trial court finds this balance of private interests at or near equipoise, it must determine whether or not factors of public interest tip the balance in favor of a trial in another forum; and (4) if the trial court finds that the balance favors a different forum, it must ensure that the plaintiff can reinstate its suit in the alternative forum without undue inconvenience or prejudice. Id. These factors were codified in Florida Rule of Civil Procedure 1.061.

. The public interest factor addresses the question of “whether the case has a general nexus with the forum sufficient to justify the forum’s commitment of judicial time and resources to it.” Kinney, 674 So.2d at 92.