KHOUZAM, Judge.
Sybac Solar AG, Co., appeals the nonfi-nal order denying its motion to dismiss on forum non conveniens grounds. We reverse.
Sybac is a German corporation having its principal place of business in Germany. Thomas Falz filed a complaint against Sy-bac for defamation and tortious interference. The complaint alleged that Sybac’s agent, a German citizen, falsely accused Falz of stealing money from Sybac in a conversation with Falz’s employer in Germany. The complaint further alleged that in that conversation, Sybac’s agent falsely accused Falz of being a defendant in another lawsuit in Polk County involving fraud and stated that Falz would be spending several years in prison as a result of the fraudulent allegations. Falz claimed he was damaged by these statements because, in addition to interfering with his employment relationship, his employers demanded that he take a more limited role in a Florida corporation he managed and owned.
Sybac filed a motion to dismiss on several grounds including forum non conve-niens. The motion alleged that Germany was an adequate and available forum be *385 cause Sybac was amenable to process in Germany; the parties’ private interests favored dismissal since most of the evidence and witnesses were located in Germany; the public interests favored dismissal as Germany was the only forum with a direct nexus to the actions described in Falz’s complaint; and Germany is open and available to hear Falz’s complaint. In response, Falz argued that the suit involved accusations published against Falz pertaining to an ongoing Florida lawsuit; that the suit involved Florida legal principles, witnesses, and documents; and that Falz’s choice of forum was entitled to great deference. The trial court held a hearing on the motion and denied the forum non con-veniens motion in a written order that indicated as follows:
The Court is persuaded by the analysis and case law cited in the Plaintiffs Response. Thus, this Court adopts and incorporates the Plaintiffs Response to deny the Defendant’s Motions.
A trial court’s decision on a motion to dismiss based on forum non conve-niens is reviewed for an abuse of discretion. Fla. R. Civ. P. 1.061(a). Under Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 90 (Fla.1996), when reviewing a forum non conveniens claim, a court must first establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. “Ordinarily, this requirement will be satisfied when the defendant is ‘amenable to process’ in the other jurisdiction.” Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Next, the court must analyze “how the parties’ -‘private interests’ will be affected'if the motion is granted or denied.” Id. at 91. The term “private interests” encompasses “four broad ‘practical’ concerns: adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation.” Id. In conducting the private interest analysis; there is a strong presumption favoring the plaintiffs forum choice. Id. Third, a court should consider the “balance of public conveniences.” Id. at 91-92; see Cortez v. Palace Resorts, Inc., 123 So.3d 1085, 1093 (Fla.2013) (holding that Florida courts “should always consider this third step of the forum non conveniens inquiry, even if the private factors weigh more heavily in favor of the alternative forum, and should require that the balance of public interests also be tipped in favor of the alternative forum in order to defeat the presumption favoring the plaintiffs forum choice”). Under the third factor,
courts may validly protect their dockets from cases which arise within their jurisdiction, but which lack significant connection to it; ... courts may legitimately encourage trial of controversies in the localities in which they arise; and ... a court may validly consider its familiarity with governing law when deciding whether or not to retain jurisdiction over a case.
Kinney, 674 So.2d at 92 (quoting Pain v. United Techs. Corp., 637 F.2d 775, 791-92 (D.C.Cir.1980)). Finally, the court must determine whether the “suit can be initiated in the alternative forum ‘without undue inconvenience or prejudice.’” Id. at 92 (quoting Pain, 637 F.2d at 785).
While a written order on a motion to dismiss arguing forum non conve-niens “need not specifically set forth the trial court’s resolution of the four-step analysis under the rule, the record must be sufficient to review the trial court’s ultimate determination.” Staton v. Staton, 787 So.2d 45, 47 (Fla. 2d DCA 2001). That is, a trial court abuses its discretion in denying a motion if the record does not *386 indicate that the forum non conveniens factors were considered. Id. Here, the only basis from which to determine the trial court’s reasoning is Falz’s response. Though Falz argued that the suit involved Florida legal principles, witnesses, and documents, he failed to sufficiently analyze the factors set forth in Kinney. Neither the transcript of the hearing nor the trial court’s order denying the motion provide this court with sufficient information to determine whether the trial court properly considered each of the Kinney factors. Because the trial court did not engage in its own independent analysis and the argument adopted by the trial court provided an inadequate basis upon which to base its ruling, “we must reverse the order under review and remand with instructions to the trial court to adequately set forth its findings and conclusions under Kinney.” Caverna v. Sun Int’l Hotels, Ltd., 699 So.2d 830, 831-32 (Fla. 4th DCA 1997).
Reversed and remanded with instructions.
ALTENBERND and NORTHCUTT, JJ., Concur.