District Court Of Appeal Of The State Of Florida
Fourth District

**CELEBRATION CRUISE LINE, LLC,**
Appellant,

v.

**OLEKSANDR DOBRIANSKIY; CELEBRATION CRUISE LINE, INC.;
GUNEHR SHIPPING LIMITED;** and **XYZ CORP.,**
Appellees.

No. 4D17-514

[August 9, 2017]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 15-021864 CACE (12).

Michael J. Dono, Jerry D. Hamilton and Robert M. Oldershaw of Hamilton, Miller & Birthisel LLP, Miami, for appellant.

No brief filed on behalf of appellees.

Per Curiam.

Celebration Cruise Line, LLC appeals an order denying its motion to dismiss a personal injury suit based upon forum non conveniens. Because the trial court did not conduct the analysis required by *Kinney System, Inc. v. Continental Ins. Co.*, 674 So. 2d 86 (Fla. 1996), or provide any explanation for denial, we reverse.

A cruise ship employee is suing for negligence under the Jones Act and unseaworthiness after the employee lost a finger and permanently damaged three other fingers while mooring a supply vessel. Appellant moved to dismiss arguing in part that Broward County is an inconvenient forum and Florida has no nexus to this suit. Appellant provided affidavits and contracts to show that Celebration Cruise Holdings, Inc. sold the ship for scrap before the employee, a Ukrainian citizen, was hired by another company in the Ukraine to help transport the ship from the Bahamas to India. On route to India, he was injured in Namibia. Appellant alleged that it did not own or have control of the ship, it did not hire the employee, the ship was never in Florida after it

was sold, the employee did not receive medical treatment in Florida, and there are no witnesses here. Appellant was mistakenly listed as the ship owner on the employment contract, but the ship had been sold and delivered to the buyer, Gunehr Shipping, Ltd., before the employee was recruited.

The employee did not provide any evidence to the contrary. He argued that resolution of this issue was premature until he conducted further discovery.

The court did not weigh the *Kinney* factors at the hearing on the motion to dismiss or make any findings in its order. *See also* Fla. R. Civ. P. 1.061(a) (codifying the *Kinney* factors). The court simply denied the motion without explanation.

Accordingly, we reverse and remand for further proceedings. *See, e.g., Sybac Solar AG, Co. v. Falz*, 174 So. 3d 383 (Fla. 2d DCA 2015).

*Reversed and remanded.*

GERBER, C.J., WARNER and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2