# Third District Court of Appeal
## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D20-859
Lower Tribunal No. 16-16002

————————————

**The Sports Channel Ltd., et al.,**
Appellants,

vs.

**Eliezer Tabib,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Gelber Schachter & Greenberg, P.A., and Freddy Funes and Gerald E. Greenberg, for appellants.

Caprio Law, P.A., and Courtney Caprio, for appellee.

Before EMAS, C.J., and LINDSEY and BOKOR, JJ.

EMAS, C.J.

The Sports Channel Ltd. and RGE Group Ltd. appeal a non-final order denying their motion to dismiss for lack of personal jurisdiction and on the basis of forum non conveniens.

We affirm the trial court's order insofar as it denied the motion to dismiss for lack of personal jurisdiction. See § 48.193, Fla. Stat. (2017); Estes v. Rodin, 259 So. 3d 183, 191 (Fla. 3d DCA 2018) (holding "a defendant need not be physically present in Florida to commit a tortious act under the long-arm statute, as committing a tortious act can occur when a nonresident defendant posts electronic communications on a website accessible and accessed in Florida").

However, we reverse that portion of the trial court's order denying the motion to dismiss on the basis of forum non conveniens, because the trial court failed to conduct the requisite analysis under Kinney System, Inc. v. Cont'l Ins. Co., 674 So. 2d 86 (Fla. 1996). See Poultry & Indus. Suppliers, Inc. v. Incubacol, S.A.S., 313 So. 3d 719 (Fla. 3d DCA 2020) (declining invitation to apply Kinney for the first time on appeal because neither the order nor the transcript of hearing established trial court engaged in Kinney analysis); Johnny's Pool Super Ctr., Inc. v. Foreverpools Caribbean, LLC, 307 So. 3d 832, 835, n.1 (Fla. 3d DCA 2020) (observing that "generally, an order denying a motion to dismiss for forum non conveniens will be reversed

2

where neither the order nor the hearing transcript establishes that the trial court engaged in a meaningful analysis of the relevant, requisite <u>Kinney</u> factors"); <u>Tome v. Herrera-Zenil</u>, 273 So. 3d 140, 141 (Fla. 3d DCA 2019) (holding that where "trial court's written order failed to set forth any 'meaningful analysis' addressing each of the <u>Kinney</u> factors, the hearing transcript . . . must reflect that the trial court engaged in 'an adequate analysis of the <u>Kinney</u> factors during the hearing itself'") (quoting <u>Camperos v. Estrella</u>, 126 So. 3d 351, 351 (Fla. 3d DCA 2013)).

Although our Florida Supreme Court has made it clear that, in a case involving a U.S. resident-plaintiff and a foreign defendant, the defendant's burden to overcome the presumption of the plaintiff's U.S. choice of forum is "especially high," <u>Cortez v. Palace Resorts, Inc.</u>, 123 So. 3d 1085, 1096 (Fla. 2013), this does not relieve the trial court of its responsibility to assess the requisite <u>Kinney</u> factors to determine whether dismissal is nevertheless appropriate. Tabib's argument that the court conducted an adequate <u>Kinney</u> analysis is belied by the record.[1]

---

[1] Contrary to appellee's argument, our decision in <u>ABA Capital Mkts. Corp. v. Provincial de Reaseguros C.A.</u>, 101 So. 3d 385 (Fla. 3d DCA 2012), does not support affirmance. While we noted in <u>ABA Capital</u> that "there is 'no per se rule requiring a remand whenever an order . . . denying dismissal on forum non conveniens grounds fails to explicitly set forth the court's resolution of the four-step analysis,'" the record in that case demonstrated that the trial court did in fact consider the <u>Kinney</u> factors at the hearing. <u>Id.</u>

3

We affirm the trial court's order denying the motion to dismiss for lack of personal jurisdiction, and reverse that portion of the order denying the motion to dismiss for forum non conveniens and remand for the trial court to conduct the appropriate <u>Kinney</u> analysis, and for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

at 388 (quoting <u>Smith Barney, Inc. v. Potter</u>, 725 So. 2d 1223, 1225 (Fla. 4th DCA 1999)).