# Third District Court of Appeal

## State of Florida

Opinion filed September 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1606
Lower Tribunal No. 23-6953
_____

**Ryder Truck Rental, Inc., et al.,**
Appellants,

vs.

**Teesha Adams, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Luks, Santaniello, Petrillo, Cohen & Peterfriend, and Edgardo Ferreyra, Jr., and J. Marcos Martinez, for appellants.

The Truck Accident Law Firm, and Joseph V. Camerlengo and Jessica L. Lanifero (Jacksonville); Creed & Gowdy, P.A., and Bryan S. Gowdy and Dimitrios A. Peteves (Jacksonville), for appellee.


Before LOGUE, C.J., and MILLER and GORDO, JJ.

LOGUE, C.J.

Ryder Truck Rental, Inc., North American Transport Services, LLC,

and Salvador Dacosta appeal the denial of their joint motion to dismiss for

forum non conveniens. Because we hold the trial court did not abuse its discretion in denying the motion after considering the Kinney[1] factors, we affirm.

## BACKGROUND

In August of 2021, a car accident occurred in South Carolina resulting in the death of Robert Adams, Jr. He was survived by his wife, Teesha Adams, and his four children. Mrs. Adams, on behalf of Mr. Adams' estate, sued Dacosta as the driver of the only other vehicle involved in the crash, North American Transport as Dacosta's employer, and Ryder Truck Rental as the owner of the semitruck Dacosta drove. Mrs. Adams filed her complaint in Miami-Dade County, Florida.

The complaint stated that Mrs. Adams resided in South Carolina. It identified (1) Dacosta as a resident of Hialeah, Florida; (2) North American Transport as a limited liability corporation, incorporated and licensed in Florida with its principal place of business in Opa Locka, Florida; and (3) Ryder Truck Rental as a corporation, incorporated and licensed in Florida with its principal place of business in Miami, Florida.

The complaint alleged Dacosta violated South Carolina traffic laws and operated the truck in an unsafe manner. It also alleged that Dacosta failed

---

[1] Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So. 2d 86 (Fla. 1996).

2

to properly plan for the trip, inspect the truck, and that he was working overtime while falsifying his driving log. The complaint alleged North American Transport negligently hired, trained, supervised, and retained Dacosta. It also alleged that the truck was "owned, under lease to, or otherwise under the control of" North American Transport. Finally, the complaint alleged Ryder Truck Rental owned the truck Dacosta drove and had leased it to North American Transport. It then alleged that Ryder Truck Rental failed to properly inspect and maintain the truck, among other negligent conduct.

The defendants moved to dismiss the complaint based on forum non conveniens, arguing that under Kinney, the most convenient forum was South Carolina. In support, the defendants argued that "the vast majority, if not all, of the relevant evidence concerning the accident and [Mr.] Adams' death [were] located in South Carolina." (emphasis in original). The defendants further asserted that "expert witnesses will need to inspect the scene of the accident" in South Carolina. They also argued that there was "little to no nexus" connecting the lawsuit to Florida. Because of these issues, the defendants argued Florida would be an inconvenient forum.

In response, Mrs. Adams argued that a large part of discovery would take place in Florida. She reasoned that because the corporate defendants

3

were located in Florida, the materials and witnesses related to the companies' hiring, training, and supervision of Dacosta and the ownership and maintenance of the truck would be in Florida. She also argued that there was a nexus between the lawsuit and Florida because the negligent actions of the corporate defendants took place in Florida. She concluded that Florida was therefore a sufficiently convenient forum.

At the hearing on the motion to dismiss, the defendants did not submit any affidavits or evidence. At the end of the hearing, the trial court denied the motion and orally pronounced its findings. The trial court thereafter entered its written order, but it did not include findings on each Kinney factor. The defendants timely appealed.

## ANALYSIS

We review the order for an abuse of discretion. Certain Underwriting Members of Lloyd's v. Prime Holdings Ins. Servs., Inc., 306 So. 3d 1086, 1091 (Fla. 3d DCA 2020) ("A 'forum non conveniens determination is committed to the trial court's sound discretion and may be reversed only when there has been a clear abuse of discretion.'" (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237 (1981))). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful, or unreasonable or where no reasonable man would take the view the trial court adopted.'" Abeid-Saba v.

4

Carnival Corp., 184 So. 3d 593, 603 (Fla. 3d DCA 2016) (quoting Johnson v. State, 47 So. 3d 941, 943 (Fla. 3d DCA 2010)).

On appeal, the defendants contend that the trial court erred because it did not adequately articulate its findings at the hearing or in its written order. They also argue the trial court abused its discretion by not dismissing the lawsuit. We are not persuaded.

"A trial court's order denying a motion to dismiss on grounds of forum non conveniens is subject to reversal and remand as insufficient where . . . there is neither (1) 'meaningful analysis' in the order, nor (2) a transcript reflecting 'an adequate analysis of the Kinney factors during the hearing itself[.]'" Camperos v. Estrella, 126 So. 3d 351, 351 (Fla. 3d DCA 2013) (quoting ABA Cap. Mkts. Corp. v. Provincial De Reaseguros C.A., 101 So. 3d 385, 388 (Fla. 3d DCA 2012) (overruled in part)).

But "there is 'no per se rule requiring a remand whenever an order . . . denying dismissal on forum non conveniens grounds fails to explicitly set forth the [trial] court's resolution of the four-step [Kinney] analysis.'" ABA Cap. Mkts Corp., 101 So. 3d at 388 (quoting Smith Barney, Inc. v. Potter, 725 So. 2d 1223, 1225 (Fla. 4th DCA 1999)). If "the record shows that both parties' positions on the Kinney factors were made abundantly clear during [the] hearing[ ], and were considered by the trial court," then the trial court's

"adequate analysis of the <u>Kinney</u> factors during the hearing itself can support affirmance of an otherwise insufficient order." <u>Id.</u>

Here, while the written order does not detail the trial court's findings on each <u>Kinney</u> factor, the trial court's questions, the parties' answers, the argument of counsel, and the legal memoranda make the positions of the parties on each <u>Kinney</u> factor "abundantly clear." We find this record adequate.

To dismiss the lawsuit for forum non conveniens, the defendants needed to show that South Carolina was a more convenient forum to litigate it. Fla. R. Civ. P. 1.061(a); <u>Abeid-Saba</u>, 184 So. 3d at 599 ("The defendant attempting to dismiss the action on forum non conveniens grounds bears the burden of proof on each element[.]" (quoting <u>Telemundo Network Grp., LLC v. Azteca Int'l Corp.</u>, 957 So. 2d 705, 709 (Fla. 3d DCA 2007))). The trial court's discretion in deciding this is tempered by the <u>Kinney</u> test, codified by Florida Rule of Civil Procedure 1.061. The rule states:

> (a) Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
>
> (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;

(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;

(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and

(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court.

Fla. R. Civ. P. 1.061(a). The parties' dispute centers around the second and third factors.

The second factor concerns the interests of the parties. This factor focuses "on four concerns: access to evidence, access to witnesses, enforcement of judgments, and the practicalities and expenses associated with the lawsuit." Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1092 (Fla. 2013) (abrogated on other grounds by Askew v. Fla. Dep't of Child. & Fams., 385 So. 3d 1034 (Fla. 2024)). In this analysis, however, the "presumption afforded to the plaintiff's forum choice is a critical part of the analysis in light of the fact that the whole premise behind the forum non conveniens doctrine is that the plaintiff's choice of forum, even if inconvenient to the plaintiff, is sufficiently inconvenient for the defendant." Id. This "strong presumption [ ]

7

can be overcome only when the balance is tipped strongly in favor of the defendant." Id. at 1096.

An inspection of the crash site and review of the police crash reports located in South Carolina appear highly relevant. But the defendants have not submitted affidavits showing where their experts reside and why it would be inconvenient for their experts to visit South Carolina to inspect the site or why it would be difficult to obtain necessary records. Nor have they identified any witnesses, for example any investigating officers, that they intend to call who still reside in South Carolina. See Botton v. Elbaz, 722 So. 2d 974, 975 (Fla. 4th DCA 1999) ("[A] dismissal based on forum non conveniens, if not evident from the allegations appearing on the face of the complaint, must be supported by record evidence, either in the form of affidavits or live testimony." (quoting Ground Improvement Techs., Inc. v. Merchs. Bonding Co., 707 So. 2d 1138, 1139 (Fla. 5th DCA 1998))).

Meanwhile, the allegations suggest that a substantial amount of business-related discovery will take place in Florida because the corporate defendants are based here. See Ford Motor Co. v. James, 33 So. 3d 91, 93 (Fla. 4th DCA 2010) (affirming trial court's denial of motion to transfer venue for forum non conveniens, reasoning that while the car crash forming the basis of the complaint occurred in a different county, the allegations of a

8

"potential manufacturing defect in the tire, a design defect in the van, and negligent maintenance of the van" indicated that material discovery would not necessarily take place in the county where the accident occurred).

Finally, the fact that the defendants are all located in Miami-Dade County, Florida is an indication that it would be less burdensome for them to defend the lawsuit here. See generally Cortez, 123 So. 3d at 1097 ("[T]he fact that the defendants are located in this country, and especially in this state, is one indication that it would be less burdensome for the defendants to defend suit in this country than it would be for [the plaintiff] to litigate in a foreign country." (quotations and citations omitted)). See also Taurus Int'l Mfg., Inc. v. Friend, 217 So. 3d 1133, 1134 (Fla. 3d DCA 2017) (observing that "[a] forum non conveniens argument coming from a party sued where he resides is both puzzling and strange" (quoting Cardoso v. FPB Bank, 879 So. 2d 1247, 1250 (Fla. 3d DCA 2004))). We find no abuse of discretion in the trial court's determination that the second factor weighs in favor of Miami-Dade County as a forum.

The focus of the third factor concerns whether the forum has an interest in the lawsuit.[2] Florida does. "Florida[ has an] interest in hearing disputes

_____

[2] And while the language of rule 1.061(a)(3) states that trial courts need only reach the third factor "if" the parties' interests are at "equipoise," the Florida Supreme Court held that public interest factors are always considered

9

involving negligent conduct in Florida[.]" Cortez, 123 So. 3d at 1098. This is because Florida has an interest in "ensuring that harmful actions originating in Florida, which may violate duties imposed by Florida law, are properly addressed in Florida courts." Id. at 1097 (quoting Rabie Cortez v. Palace Holdings, S.A. de C.V., 66 So. 3d 959, 972 (Fla. 3d DCA 2011) (Rothenberg, J., dissenting)). The purported negligent conduct attributed to the corporate defendants occurred in Miami-Dade County. This negligent conduct includes the employment, retention, and supervision of Dacosta, maintaining the semitruck, creating harmful company policies, and overworking its employees. We find no abuse of discretion in the trial court's determination that the third factor weighs in favor of Miami-Dade County as a forum.

Accordingly, because a reasonable person could conclude that Florida is a sufficiently convenient forum for this lawsuit, the trial court did not abuse its discretion when it denied the defendants' motion to dismiss on forum non conveniens grounds.

Affirmed.

---

despite this conditional language. Cortez, 123 So. 3d at 1093 ("[W]e emphasize that Florida courts also should always consider this third step of the forum non conveniens inquiry, even if the private factors weigh more heavily in favor of the alternative forum, and should require that the balance of public interests also be tipped in favor of the alternative forum in order to defeat the presumption favoring the plaintiff's forum choice.").