# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1292
Lower Tribunal No. 2023-CA-000664

_____

MICHELLE MASKOLUNAS, as Spouse, Survivor, and Personal Representative of the ESTATE OF MICHAEL MASKOLUNAS,

Appellant,

v.

LAKELAND REGIONAL MEDICAL CENTER INC., d/b/a LAKELAND REGIONAL MEDICAL CENTER, JOHN P. ZETTY, D.O., and BRUCE MEYERS, M.D.,

Appellees.

_____

Appeal from the Circuit Court for Polk County.
Brandon J. Rafool, Judge.

September 5, 2025

NARDELLA, J.

Michelle Maskolunas, as spouse, survivor, and personal representative of the estate of Michael Maskolunas, appeals the trial court's order granting summary judgment in favor of Lakeland Regional Medical Center, Inc., d/b/a Lakeland Regional Medical Center, John P. Zetty, D.O., and Bruce Meyers, M.D. (collectively

"Appellees"). After duly considering the briefs[1] and authorities cited therein, we conclude that reversible error has not been demonstrated and affirm. *See Bauld v. J.A. Jones Constr. Co.*, 357 So. 2d 401, 403 (Fla. 1978) (The statute of limitations period is subject to modification and the new period is applicable to existing rights "provided a reasonable time is given after the passage of the act, and before it would operate as a bar, for the party to exercise the right." (quoting *Hart v. Bostwick*, 14 Fla. 162, 181 (1872))); *Hughes v. Universal Prop. & Cas. Ins., Co.*, 374 So. 3d 900, 905 (Fla. 6th DCA 2023) (to demonstrate improper retroactive application a party must show that there is no clear legislative intent for retroactive application of the statute or if there is clear legislative intent that retroactive application would violate constitutional principles), *review granted*, No. SC2024-0025, 2024 WL 1714497 (Fla. Apr. 22, 2024).

AFFIRMED.

WOZNIAK and MIZE, JJ., concur.

Jean M. Henne, of Jean M. Henne, P.A., Winter Haven, for Appellant.

---

[1] We disagree with Appellees' position that the issues raised in this appeal are unpreserved because the trial court did not expressly rule on them. *See Smith v. Barney Inc. v. Potter*, 725 So. 2d 1223, 1225 (Fla. 4th DCA 1999) ("In the absence of stated reasoning by the trial judge, an appellate court presumes that all intermediary conclusions in the chain of logic were resolved in favor of the ultimate conclusion of the trial court.").

Marie A. Borland, Ethen R. Shapiro, and Rachel E. Eilers, of Hill, Ward & Henderson, P.A., Tampa, for Appellee, Lakeland Regional Medical Center, Inc., d/b/a Lakeland Regional Medical Center.

Edward M. Copeland, IV, Lakeland, for Appellees, John P. Zetty, D.O. and Bruce Meyers, M.D.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED